## FAIRBURN v. GOLDSMITH ET AL.

1. **Venue**: MOTION FOR CHANGE OF: AFFIDAVIT. A motion for a change of venue, upon the ground of the undue influence of a party or his attorney, made by two or more, is not sufficient, unless it appears that neither of the affiants is related nearer than the fourth degree to either of the persons making the motion.

2. **Amendment**: STRICKEN FROM FILES: PRACTICE. Where the facts set up in the amendment were such as the plaintiff was entitled to prove, and which without the amendment would not be admissible, striking the amendment from the files was error.

3. **Fraud**: FAILURE TO PROVE: VERDICT. In an action upon a bond, where the defendants wholly failed to prove the fraud and collusion on the part of the plaintiff, alleged as the defense, the court should have instructed the jury to find a verdict for the plaintiff.

*Appeal from Sac Circuit Court.*

SATURDAY, APRIL 22.

ACTION upon a bond executed to the plaintiff by the defendants, Charles D. Goldsmith and L. T. Swezey. The plaintiff purchased of Goldsmith a certain note and chattel mortgage, executed by one Mellen. In the sale thereof by Goldsmith to plaintiff, Goldsmith claimed that the amount due thereon, after allowing all payments, set-offs, and counter-claims, was $135. The bond was given as security to the plaintiff that that amount was due, and also to protect him against the expenses of litigation. The language of the condition of the bond is material in the consideration of the case, and we set out the same, which is in these words: "Now if it shall hereafter, in any manner appear that at the date of this instrument there was not due on said note and mortgage, after allowing all payments, set-offs, and counter-claims, and any defense whatever that the said E. Mellen may have to said note, the sum of $135, or if the said Charles D. Goldsmith fails to make any deficiency of the amount good, that is agreed to be due, to-wit, the sum of $135, after it is ascertained that there is a deficiency in such sum due, then this obligation to be in

force, otherwise void. And we agree, that in case of a failure to recover the full amount guaranteed to be due, to pay the expenses of litigation."

The plaintiff avers in his petition that Mellen denied all liability upon the note, and refused to pay any part thereof; that he brought an action against him upon the note, and gave these defendants notice thereof, and that judgment was rendered in favor of Mellen, and against the plaintiff for costs.

The defendants, Goldsmith and Swezey, admit the sale of the note and mortgage to plaintiff, and the execution of the bond, but they aver the amount guaranteed to be due, was due, and that the judgment in favor of Mellen in the action upon the note, was obtained by collusion between the plaintiff and Mellen, and with intent to defraud these defendants. There was a trial to a jury, and verdict and judgment were rendered for the defendants. The plaintiff appeals.

*Robinson & Milchrist*, for appellant.

*Charles D. Goldsmith*, for appellees.

ADAMS, J.—I. The action was brought in the Circuit Court of Buena Vista county, and upon the motion of the defendants the place of trial was changed, against the plaintiff's objection, to the Circuit Court of Sac county. The ruling was excepted to, and is now assigned as error.

1. VENUE: motion for change of: affidavit.

The objection urged by the plaintiff to the motion for a change of place of trial is, that it is not supported by a proper affidavit. The motion was made upon the ground of undue influence of the plaintiff's attorneys. The statute in such case requires an affidavit of three disinterested persons not related to the party making the motion, nearer than the fourth degree. Code, § 2590. The plaintiff insists that the meaning of the statute is, that it must appear that neither of the three persons making the affidavit as disinterested persons, is related nearer than the fourth degree to the person

making the motion, and where the motion is made by more than one, that it should appear that neither of the affiants is related nearer than the fourth degree to either of the persons making the motion. The motion in this case was made by more than one person. The part of the affidavit in question, is in these words: "The last three named above persons are not related to the parties making the motion nearer than the fourth degree." The affidavit, it appears to us, is not sufficient. It would be true that the three are not related, if only one is not. So again, it would be true that they are not related to the parties, if they are related to only one. The statute evidently contemplates that it should appear that neither of the three affiants is related nearer than the fourth degree to either of the persons making the motion. We think that the plaintiff's objection to the motion should have been sustained.

II. The plaintiff filed an amendment to his petition, which, on motion of the defendant, was stricken out. The

2. AMEND-
MENT : strick-
en from files:
practice.

ruling is now assigned as error. The amendment filed was, in substance, that a certain criminal proceeding was instituted by the State of Iowa against Mellen, in which Mellen was charged with the crime of having sold a portion of the property by him mortgaged to secure the note in question; that Mellen admitted the selling of the property, and defended upon the ground that there was nothing due upon the note and mortgage; that at the time the plaintiff purchased the note and mortgage, and took from the defendants the bond in suit, it was agreed between this plaintiff and the defendants that if Mellen should be discharged in the criminal action upon the ground that there was nothing due upon the note and mortgage, the decision so made should, as between this plaintiff and these defendants, be a sufficient determination that nothing was in fact due; and that the decision so made should fix the liability of the defendants upon the bond; that the defendant, Goldsmith, was a witness in the criminal action, and actively assisted in

the prosecution of the same; that the court discharged Mellen in the criminal action, and upon the ground that there was nothing due upon the note and mortgage.

We think that the court erred in striking the amendment from the files. It appears to us that without the amendment, evidence of the facts averred therein would not have been admissible. It will be seen that by such evidence the plaintiff would seek to conclude the defendants by an agreed test and without regard to the real facts of the case. The defendants could not be supposed to come prepared to meet such evidence unless some specific foundation had been laid for it in the petition. The amendment then could not be said to be unnecessary, and was not properly stricken out upon the ground that it was unnecessary. We come next to inquire whether it was properly stricken out, because the facts stated were not such as the plaintiff was entitled to prove. This, we judge, from the motion made and sustained, was the real ground.

The defendants contend that the amendment averred nothing which could properly be proven, because the agreement is void for want of consideration, and, without the agreement, the defendants were not bound by the result of the criminal action, it being an action to which they were not parties.

But we think that the agreement was not void for want of consideration. It was certainly not if it was a part of the bargain by which the note and mortgage were purchased by the plaintiff, and the fair inference from the amendment filed is that it was.

III. The plaintiff asked the court to instruct the jury to find for the plaintiff, and assess the amount of his recovery at $124.

Under the pleadings and evidence it appears to us that the instruction should have been given. The judgment against plaintiff in the action brought by him against Mellen was rendered after due notice to these defendants. It was a sufficient determination of

3. FRAUD: failure to prove: verdict.

the non-liability of Mellen, unless the judgment was obtained by fraud. The fraud is alleged by the defendants in their answer to have consisted in the manner in which the trial was conducted, which is said to have been as follows: that the plaintiff's attorney introduced the note and mortgage and rested; that the attorneys who claimed to be acting for the defendant, Mellen, then introduced him as a witness, who testified that the note and mortgage were given for the purpose of hindering and delaying creditors; that a cross-examination would have revealed the fact that they were given for future advances of money, and that such advances were afterwards made; that other witnesses were introduced who testified to only such facts as were necessary to perpetrate the fraud; that a cross-examination would have brought out other facts which would have shown the note and mortgage to be valid, but that the cross-examination of all the defendant's witnessess was fraudulently omitted.

Now we fail to discover any evidence tending to show that a cross-examination of the witnesses would have revealed a different state of facts from that which was shown, or that a different state of facts could have been shown in any way. The defendants then wholly failed to prove the fraud alleged, and the verdict should have been for the plaintiff.

Many other errors are assigned, but under the views which we have expressed, we do not think it probable that the questions presented will arise upon another trial.

REVERSED.