GOODNOW v. STRYKER.

1. **Taxes upon Another's Land:** PAYMENT UNDER BELIEF OF OWNERSHIP: RECOVERY FROM OWNER. Where one in good faith, believing himself to be the owner of land, pays the taxes upon it, and afterwards the land is adjudicated to belong to another, the law raises an implied promise on the part of that other to reimburse the one who has paid the taxes for his benefit, and on such implied promise an action will lie. *Goodnow v. Moulton*, 51 Iowa, 555, followed.

2. **Former Adjudication:** UPON WHOM AND HOW FAR BINDING. An adjudication binds only the parties thereto, and binds them only as to the points adjudicated in which they are interested; and when one is made a party to a cause for one purpose only, he is not bound by the adjudication of a question involved in the cause as between other parties thereto, and in which he has no interest.

3. **Statute of Limitations:** STATUTES CONSTRUED. Section 2746 of the Revision provided that "when a cause of action has been fully barred by the laws of the country where the defendant has resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter;" but, by chapter 167 of the laws of 1870, said section was made inapplicable where the cause of action arose in this state. *Held* that section 2746 could not avail as a defense against a cause of action arising in this state, unless the action was fully barred at the time of the taking effect of chapter 167, Laws of 1870.

4. ————: WHEN IT BEGINS TO RUN: ACTION ON PROMISE BASED ON CONTINGENCY. As against an action brought upon an implied promise which is based upon a contingency, in such a manner that it is not enforcible until the happening of the contingency, *held* that the statute of limitations does not begin to run until the contingency is past, and the promise has become absolute.

The foregoing points affirmed on rehearing.

5. **Former Adjudication:** APPEARANCE OF COUNSEL IN ARGUMENT. The fact that a party interested in a like question secures a hearing of his counsel upon the argument of a cause, does not make him a party to the cause so as to make the adjudication thereof binding upon him.

*Appeal from Webster Circuit Court.*

FRIDAY, DECEMBER 7.

THIS action was brought by the plaintiff, as assignee of the Dubuque & Sioux City Railroad Company, to recover for

taxes paid by that company on certain land in Webster county, belonging to defendant, Stryker. The Dubuque & Sioux City Railroad Co. claimed to be the owner of the land at the time the taxes were levied, and which land it conveyed by a deed of warranty.

The circumstances under which the taxes were paid were for the most part substantially the same as those under which the taxes were paid in *Goodnow v. Moulton*, 51 Iowa, 555. The several matters of defense will be set out in the opinion. The court dismissed the plaintiff's petition, and he appeals.

*George Crane*, for appellant.

*Theodore Hawley* and *C. H. Gatch*, for appellee.

ADAMS, J.—I.  In *Goodnow v. Moulton*, the taxes were paid by the Iowa Homestead Co., and at a time when that company claimed to be the owner of the land, and it was found that the claim was made in good faith, though its validity was disputed by the defendant. Mr. Justice Seevers, in his opinion in that case, said: "When the taxes were paid, it was believed by said company that it was the owner of the lands, under the act of congress known as the railroad grant."

1. TAXES upon another's land: payment under belief of ownership: recovery from owner.

The defendant contends that the case at bar differs from that case, because the certification of the lands under which the plaintiff claims was suspended until April, 1863, and, the taxes paid being for the years 1861, 1862 and 1863, the plaintiff should not be heard to say that his assignor paid the taxes in good faith. The taxes, however, it appears, were not paid until after April, 1863. Possibly the defendant had in mind that the assessment of the taxes for 1861 and 1862, being made within the time the certification was suspended, were invalid, but he does not raise such point in his argument, and we do not, therefore, consider it. So far, then, as the circumstances are concerned under which the taxes were paid, we have to say that we see nothing in them to distinguish

the case from *Goodnow v. Moulton;* and it follows that we are justified in holding that there was an implied promise on the part of the defendant to reimburse the plaintiff's assignor.

II.    The defendant alleges that the plaintiff is barred by a prior adjudication in an action in which the Iowa Homestead **2. FORMER** Co. was plaintiff, and the Des Moines Navigation **adjudication:** **upon whom** & R. R. Co., and the present defendant, Stryker, **and how far** **binding.** and others, were defendants, the decision in which case is reported in 17 Wallace, 153. It appears that the lands on which the taxes were paid were a part of the lands in controversy in that case, having been conveyed before the commencement of the action by the plaintiff's assignor, by deed of warranty, to the Iowa Homestead Co., the plaintiff in that action. It appears, also, that the Iowa Homestead Co., having paid certain taxes on the same land, prayed that the defendant, Stryker, be decreed to reimburse it for such payments, if it should be decreed that he was the owner of the land. The defendant, Stryker, was decreed to be the owner of the lands, but no recovery was allowed against him for the taxes paid. Now, while the taxes sought to be recovered in the case at bar were no part of the taxes sought to be recovered in that case, and neither the plaintiff nor his assignor was a party to that action, yet it is said that the adjudication is sufficient to bar a recovery in this case.

It is, perhaps, not to be denied that, if the court correctly held in that case that the Iowa Homestead Co. was not entitled to recover for taxes paid, it would follow as a matter of law that the plaintiff in this case is not entitled to recover; but, since the decision in *Goodnow v. Moulton,* we cannot follow the decision in *Iowa Homestead Co. v. Des Moines Navigation & R. R. Co. et al.* as authority, nor, so far as the point is concerned which we are now considering, is it claimed that we should. The claim is that the taxes in question were actually covered by the adjudication in that case.

In our opinion, this claim cannot be sustained. The taxes in question were not only no part of the taxes sought to be

recovered in that action, but they were not paid by the plaintiff in that action as in *Goodnow v. Litchfield*, 59 Iowa, 226. They were paid by the Dubuque & Sioux City R. R. Co., and neither it nor its assignee, the present plaintiff, was a party to that action. The defendant contends that the Dubuque & Sioux City R. R. Co. was substantially a party to that action, because the plaintiff in the action claimed a part of the lands by deed of warranty from the Dubuque & Sioux City R. R. Co., and notified that company of the pendency of the action.

The effect, however, of such notification would be only to bind the Dubuque & Sioux City R. R. Co. by the adjudication in respect to title. In that case the Dubuque & Sioux City R. R. Co. was interested by reason of its deed of warranty, but it had no interest in the taxes sought to be recovered. So far as the issue was concerned involving a right of recovery for the taxes, it was in no possible sense a party. The adjudication in that case, then, does not operate as a bar in this.

III. The defendant pleads the statute of limitations. He avers that he is a resident of the state of New York, and that in that state action upon contract not expressed in writing is barred in six years. He relies, as we understand, upon section 2746 of the Revision, which provides that, "when a cause of action has been fully barred by the laws of the country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter."

3. STATUTE of limitations: statutes construed.

But in this case the cause of action arose in this state; and in 1870 the statute cited was amended so as to make it inapplicable where the cause of action arose in this state. Chap. 167 of the Laws of 1870. Unless, then, the action became barred before the amendment, it did not become barred under the statute relied upon. The payments appear to have been made December 9, 1863, January 20, 1864, and October 31, 1866, respectively. But we do not think that a cause of action accrued upon each payment at the time it was made, nor upon all at the time the last one was made. The implied

Goodnow v. Stryker.

promise upon which the action is based arose by reason of the circumstances. *Goodnow v. Moulton* above cited. One very important circumstance was that the title was involved in serious litigation, which was not terminated in the defendant's favor until 1873. We do not think that the defendant's implied promise could be regarded as absolute. He certainly never promised to pay these taxes in case the title should be adjudicated to be in the Iowa Homestead Co., and no one had any reason to suppose that he intended to incur any such liability. The most that can be said, then, in regard to the defendant's implied promise, is that it was based upon a contingency; and, being so, it was not enforcable until the contingent event had happened. We think that the cause of action did not arise until the termination of the litigation by which the title was adjudged to be in the defendant. If the Homestead Co. had before the final decision abandoned the litigation and conceded the title to be in the defendant, it may be that a cause of action would then have accrued. We do not say that a final decision was necessary. We merely say that we do not think that the defendant could be understood as promising that he would pay the taxes sooner than the title was assured to him, either by adjudication or concession.

*4. ——: when it begins to run : action on promise based on contingency.*

Such being our view, it appears to us that the cause of action did not accrue until 1873, which was after the amendment; and, the defendant being a non-resident, the action is not barred. We think that the plaintiff is entitled to recover the amounts paid, with interest thereon from the time of payments respectively, and to have the same decreed a lien upon the land.

REVERSED.

ON REHEARING.

ROTHROCK, J.—I. This cause has again been presented to us upon a petition for rehearing, and has also been orally argued by counsel for both parties.

It is claimed that, while as a matter of law the lands were subject to taxation for the years 1861 and 1862, yet they were not subject to taxation under the grant under which the railroad company was then claiming title to them, and it was, therefore, neither the right nor duty of the railroad company to pay taxes which were not and never could, as against it, have become valid. But in the cases of the *Homestead Company v. Webster County*, 21 Iowa, 221, and *Dubuque & Pacific R. R. Co. v. Webster Co.*, Id., 235, this court held that it was the duty of the R. R. Co. to pay these taxes. It cannot, therefore, be said that the taxes in question were paid voluntarily or officiously. It is abundantly evident all through the record in these tax cases that the railroad company and its assignees, at all times, down to the final adjudication against them in the supreme court of the United States, acted in the belief that the lands passed to them under the railroad grant. The fact that during the years 1861, 1862 and 1863 there were conflicting claims to the lands, and for a part of that time the lands were withheld from certification by reason thereof, and were not taxable, cannot, after the repeated decisions of this court that the lands were taxable for those years, control the rights of the parties to this litigation.

II. It is insisted that the statement in the foregoing opinion, that the taxes for which recovery is sought in the case at bar are no part of the taxes which were sought to be recovered in the case of *Homestead Co. v. The Valley R. R. Co.*, 17 Wall., 153, is erroneous.

Whether this be correct or not we think can make no difference upon the question of former adjudication, because, in our opinion, the Dubuque & Sioux City R. R. Co., the plaintiff's asssignor, was in no sense a party to that action, so far as the question of taxes is involved. We are content with what is said in the foregoing opinion upon that subject.

III. Lastly, it is again urged that the claim for taxes was barred by the statute of limitations when the action was commenced. In the foregoing opinion it is held that the right

of action did not accrue until the termination of the litiga-
tion by which the title was adjudged to be in the defendant.
It is claimed that this rule is erroneous, and that rights of ac-
tion accrued upon the payments at the time they were made.
We are not disposed to adopt the rule contended for. The
case is a peculiar one. The controversy between the railroad
grant and the river grant continued for many years. The
lands were held by federal authority to belong, first to one
grant, and then to the other, and then again to the other, and
the title was not finally and conclusively settled until the de-
cision in the case of *Homestead Co. v. Valley R. R. Co.*,
17 Wallace, 153. If the plaintiff or his assignor had com-
menced an action before that time to recover these taxes, it
would have been a virtual abandonment of all claim of title
to the land. The conflicting decisions as to the title warrant
the belief that those parties claiming under the railroad grant
asserted title to the land in good faith to the last. Under
these circumstances, we feel warranted in adhering to the
rule that the statute did not commence to run until the final
adjudication in December, 1872.

It is claimed, however, that the question of title was finally
decided in December, 1866, in the cases of *Wolcott v. Des
Moines Co.*, and *Des Moines Co. v. Burr*, 5 Wallace, 681
and 689. We think it is sufficient in regard to this feature
of the case to repeat what was said of the Wolcott case in
*Goodnow v. Moulton*, 51 Iowa, 555: "This action (the
Wolcott case) was between parties, both of whom claimed
under the river grant, and it was held that the title to such
lands had passed thereunder. But, as no one claiming under
the railroad grant was a party to the action, it cannot be said
that the decision was of any bearing as to them."

It is true that counsel of the Dubuque & S. C. R. R. Co.
were allowed to appear and be heard in argument in the
5. FORMER Wolcott and Burr cases in the Supreme Court
adjudication:
appearance of the Unted States; but the railroad company
of counsel in
argument. was not a party to the record. It is no unusual
thing for counsel interested in a like question to be permitted

to appear in the argument of a case; but that any right of his client is adjudicated in the case because of such appearance, cannot be admitted. The former opinion is adhered to and the judgment is reversed.