## GOODNOW v. LITCHFIELD.

1. **Parties Plaintiff:** TRUSTEE OF CHOSE IN ACTION MAY SUE THEREON. A chose in action may be transferred to a trustee, and, by § 2544 of the Code, a trustee is clothed with the right and power to prosecute an action thereon in his own name.

2. **Change of Venue:** SUFFICIENCY OF AFFIDAVIT FOR: RELATION OF AFFIANTS. Where the affiants, in an application by the plaintiff for a change of venue, stated, in reference to their relation to the applicant, "that they are not related to the plaintiff in this action nearer than the fourth degree; nor do they, nor any of them, stand in the relation of servant, agent or employe of said plaintiff; nor are they in any manner interested in the result or issue of this action," *held* that this was sufficient, under § 2590 of the Code. *Fairburn v. Goldsmith,* 58 Iowa, 339, distinguished.

3. **Statute of Limitations:** STARE DECISIS. This court having in former cases decided that the title to lands, resting upon the same grant under which defendant claims herein, was not settled until 1873, and that the statute of limitations did not begin to run, until December, 1872, against a claim similar to the one involved in this action, to recover for taxes paid on the land, those decisions are followed in this case, and the cause of action herein is *held* not to be barred.

4. **Former Adjudication:** BINDS ONLY PARTIES AND PRIVIES AS TO POINTS INVOLVED. Where one was not a party to an action, but contributed money to aid in its defense, but no such relation existed between her and the defendants as to authorize them to defend the suit for her benefit, the judgment rendered in such action does not bind her, especially as to a point not involved in that action.

5. ——: ESTOPPELS BY MUST BE MUTUAL. Estoppels by judgment must be mutual, and where one party to an action is not bound by a former adjudication, the other cannot be.

6. **Taxes Upon Another's Land:** PAYMENT UNDER BELIEF OF OWNERSHIP: RECOVERY FROM OWNER. Where one in good faith, believing

himself to be the owner of land, pays the taxes upon it, and afterwards the land is adjudged to belong to another, the law raises an implied promise on the part of that other to reimburse the one who has paid the taxes for his benefit, and on such implied promise an action will lie. *Goodnow v. Moulton,* 51 Iowa, 555, and subsequent decisions, followed.

7. ———: ———: ———: INTEREST. Where money is paid for the use of another, imposing upon that other an obligation to reimburse the party paying it, interest on the money from the date of payment may be recovered. The rule is applied in this case to money advanced to pay the taxes on another's land under circumstances which obligate the land-owner to repay the same.

8. ———: ———: ———: LIEN UPON LANDS. Where one pays taxes upon another's lands under the circumstances named in No. 6, *ante,* a court of equity will not only adjudge that the land-owner repay the same with interest, but will by proper decree make the entire judgment a lien upon all the lands collectively; and it was error in such case to decree that each tract of land should be subject to a lien for no greater sum than the taxes paid thereon, with interest—it not appearing that any other parties were interested in the lands.

## *Appeal from Webster District Court.*

### WEDNESDAY, APRIL 23.

ACTION in chancery for an accounting and to recover for certain sums of money paid by plaintiff in satisfaction of taxes levied upon certain lands, the titles whereof he, at the time, in good faith claimed, but which, by certain adjudications of the courts, were afterwards declared to be in defendant. The petition also claims a lien upon the lands, and its enforcement for the sum found due plaintiff. Upon the final hearing of the cause, a decree was entered in favor of plaintiff for the amount of the taxes paid, with interest from the day of the commencement of this action, and establishing a lien which shall be binding upon each separate tract of land to the extent of the taxes paid thereon. From this decree plaintiff appeals. It is stated in the argument of counsel that defendant perfected a cross appeal, but the abstract and amended abstract upon which the cause is submitted to this court do not show or aver such cross appeal. The pleadings and facts of the case appear in the opinion.

*George Crane*, for appellant.

*C. H. Gatch*, for appellee.

BECK, J.—I. The plaintiff alleges in his petition that in 1863 the Dubuque & Sioux City Railroad Company conveyed certain lands, describing them, all situated in Webster county, to the Iowa Homestead Company, a corporation organized under the laws of this state, which, in good faith, and in the belief that it held the title to the lands, paid the taxes assessed thereon from the date of the conveyance to the year 1872, amounting to the sum of $3,819.45. These taxes were paid as they became due for the years intervening between the dates named. It is averred that the defendant was the real owner of the lands, of which the Homestead Co. had no knowledge or notice until the year 1873; that defendant has paid no part of the taxes; that the county refuses to refund to plaintiff any part of the sums paid; and that defendant, as the legal owner of the lands, was justly bound to pay the taxes. The petition alleges and shows that the Iowa Homestead Company has assigned and transferred to plaintiff its claim and cause of action arising upon the payment of the taxes. The relief prayed is for an accounting and a decree for the amount found thereon to be due plaintiff, which shall be made a lien upon the lands, and for general relief.

The answer of defendant admits the allegations of the petition as to the conveyance of the lands to the Homestead Company and the title thereof being vested in defendant, and that she has not paid the taxes which plaintiff seeks to recover. Other allegations of the petition are denied. As a defense to the action, the answer pleads a prior adjudication in an action between the Homestead Co., as plaintiff, and the defendant and her grantor, the Des Moines Navigation & Railroad Co., and others, as defendants, finally determined by the supreme court of the United States in 1872. As further

defenses, the answer sets up the statute of limitations, and alleges that all payments were made by plaintiff's assignee without the request or consent of defendant. An amended answer shows that, during all of the time in which the taxes in question were levied and paid, plaintiff's title to the lands was denied by the state of Iowa and the United States, and it was claimed that the ownership of the lands vested in others under certain grants, and that, even subsequent to the decision of the United States Supreme court in the case of *Walcott v. The Des Moines Navigation & Railroad Co.*, 5 Wallace, 681, whereby the title of the lands was settled in defendant's grantor, the United States continued to claim that the title was transferred by other grants, and withheld certification of the lands under the grant by virtue of which defendant claims, whereby defendant has been deprived of the possession of the lands, which have been occupied by adverse claimants, whereby the defendant has suffered loss. Defendant, in an amended answer, alleges that plaintiff is not the real party in interest, the cause of action not having been transferred to him. Other allegations of the pleadings need not be recited.

The death of defendant, Grace H. Litchfield, having been suggested, the administrator of her estate, Edwin C. Litchfield, was substituted as defendant, and as such appeared in the case. This action is triable *de novo* in this court.

II. We will proceed to the discussion of all the questions raised by the counsel of the respective parties, considering first those presented on the part of defendant. In view of the fact that we decide all questions discussed in the brief for defendant, it is not important to inquire whether there was a cross appeal by that party. The appeal by plaintiff brings the case here for trial *de novo*, upon which all questions made by the respective parties may be decided.

It is first insisted that it is shown that plaintiff is not the real party in interest as to the claim involved in this suit,

**1. PARTIES plaintiff: trustee of chose in action may sue thereon.** and is not, therefore, authorized to prosecute this action. It is shown by the amended abstract that this objection was raised by demurrer to the petition, and we also find that the objection was pleaded as a defense by the answer. It is not important in what manner the objection was first raised. It may be considered, whether raised in one way or the other, and it is not insisted that the objection was waived by pleading over after demurrer. It is based upon the language of the assignment of the claim, executed by the Homestead Co. to plaintiff. The instrument, by proper words, transfers and assigns the cause of action to plaintiff, and thereupon follows this language: " In consideration whereof the said E. K. Goodnow hereby agrees to exercise reasonable care and diligence to enforce said claims, demands or rights of action, and, after deducting all costs and expenses in so doing, to hold the proceeds or amount collected in trust for the use and benefit of the parties owning the same." It is insisted by counsel for defendant that plaintiff acquired under this instrument nothing more than the power and right to collect the claims, and is not clothed with the title thereof. This is clearly an error. The assignment is absolute in form, vesting plaintiff with the title and property in the claims. The language above quoted clearly shows, however, that he is to hold the claims as a trustee. It cannot be doubted that a chose in action may be transferred to a trustee, and our statute, Code § 2544, clothes a trustee with the right and power to prosecute an action thereon in his own name. See *Cottle v. Cole*, 20 Iowa, 481; *Rice v. Savery*, 22 Iowa, 470.

III. Upon the application of plaintiff, the venue of the case was changed. The persons making affidavit, as required

**2. CHANGE of venue: sufficiency of affidavit for: relation of affiants.** by the statute, state " that they are not related to the plaintiff in the action nearer than the fourth degree, nor do they, nor any of them, stand in the relation of servant, agent, or employe of said plaintiff, nor are they in any manner interested in the

result or issues of this action." It is now insisted that this affidavit does not comply with the requirements of Code, § 2590. In support of this position, *Fairburn v. Goldsmith*, 58 Iowa, 339, is cited. The affidavit in this case differs from the one held insufficient in that decision, which is construed to show that the three affiants are not collectively related to the applicant nearer than the fourth degree. In this case, the affiants collectively declare that they are not so related. The language used would not be true if one of them were in the degree of relationship mentioned. In the other case, the decision regards the persons as referred to by the affidavit collectively, and holds that the allegation of the affidavits would be true if one of them were related within the fourth degree, a very doubtful and nice distinction, to say the least of it. We think the distinction between the language of the affidavit in this case and the one interpreted in the other is obvious. We are not inclined to extend the rule of that case to language other than that to which it is applied in the decision.

IV. It is next urged by counsel that the action is barred by the statute of limitations. This claim is based upon the 3. STATUTE of position that the title of the land, upon which limitations: stare decisis. the taxes paid by plaintiff were levied, was finally settled in 1866 by the supreme court of the United States, in *Walcott v. The Des Moines Nav. & R. Co.*, 5 Wal., 681. But this court has held in cases involving similar facts and the title to lands resting upon the same grant under which defendant claims, that the title was not finally settled until 1873, by the decision of the United States Supreme court in *Homestead Co. v. Valley Railroad Co.*, 17 Wal., 153. See *Goodnow v. Stryker*, 62 Iowa, 221; *Goodnow v. Moulton*, 51 Iowa, 555. The question raised by counsel must be regarded as settled by these decisions. It is held in *Goodnow v. Stryker, supra*, that the statute of limitations did not begin to run until December, 1872, upon the decision of *Homestead Co. v. Valley Railroad Co., supra*.

V. It is argued by counsel for defendant that the evidence supports the defense of prior adjudication pleaded by defendant. The facts upon which he relies to support this position are as follows: In 1868, the Iowa Homestead Company brought an action in chancery against the Des Moines Navigation Company and others, to quiet the title in the lands held by it under the grant to the Dubuque & Sioux City Railroad Company, of which the lands whereon the taxes in question were levied were originally a part. The defendant was not a party to that action. In addition to the specific relief indicated, the petition prayed that, if the title was not found to be in plaintiff, the defendants should, by proper decree, be required to pay plaintiff the sums expended by it in the payment of taxes. This case was finally decided in the United States supreme court adversely to plaintiff, and it was held that recovery for taxes paid could not be had. See *Homestead Co. v. Valley Railroad*, 17 Wal., 153. It is shown that, although defendant was not a party to that action, she contributed to the payment of the expenses of its defense, and that her agent had knowledge of the pendency of the action.

*4-5. FORMER adjudication binds only parties and privies as to points involved; estoppels by must be mutual.*

It is shown by an agreed statement of facts that defendant held title to the land in 1863.

It appears from the foregoing statement that defendant had no such interest in the action that the decision and judgment therein would bind her. It cannot be claimed that, had the judgment been against the defendants, she would have been bound thereby. Nor does it appear that any relation of agency or tenancy existed between her and the defendants, or any of them, which authorized them to defend the suit for her benefit. While one of the defendants was probably her grantor, yet she had held the title from a time anterior to the payment of the taxes in controversy in this case. No recovery could have been had against any of them for the amounts paid upon the taxes on her land.

Therefore, she could not, have been held liable over to the defendants or any one of them. She, therefore, had no such interest in the case, nor liability on account of any judgment that was or could have been entered in it, as would have estopped her to deny the judgment. It is a familiar rule that estoppels by judgments must be mutual, and that one party cannot be bound if the other is not.

. Counsel for defendant, in support of his position, cites *Chicago v. Robbins*, 2 Black, 418. But the party held to be bound by the judgment was liable over to the party against whom the judgment was rendered. No such liability on the part of defendants exists in this case. *McNamee v. Moreland*, 26 Iowa, 96, is also cited. But the party to the action was either a tenant or grantee of the party pleading the estoppel, and, doubtless, had the right to recover against him. Nothing of the kind is in this case. Counsel on this point cite *Conger v. Chilcote*, 42 Iowa, 18, in which the relation of agency existed between the party prosecuting the suit and the person sought to be bound by the estoppel. We conclude that the defense of former adjudication is not established.

VI. It is insisted that the payment of taxes in controversy was voluntarily made, with full knowledge of defendant's claim of title, under the belief, through a mistake of law, that the title of the land was in the Homestead Company, and that, therefore, plaintiff cannot recover. But we have repeatedly held, in like cases, that, under the circumstances disclosed by the record, plaintiff may recover. It must be regarded as the settled rule of this court, and is not now open for discussion. *Gooodnow v. Moulton et al.*, 51 Iowa, 555; *Goodnow v. Wells*, 54 Id., 326; *Goodnow v. Litchfield*, 59 Id., 226; *Goodnow v. Stryker*, 61 Id., 261, and 62 Id., 221.

**6. TAXES upon another's land: payment under belief of ownership: recovery from owner.**

VII. The branch of the case to be next considered involves the right of plaintiff to recover interest upon the pay-

7. ——: ——: ments made in satisfaction of the taxes, and the
——: inter-
est. dates at which interest should begin. There is
no statute of this state expressly declaring that interest
shall be paid, except upon judgments and decrees. Code,
§ 2077, fixes the rate of interest upon certain classes of con-
tracts, and for money due or to become due in certain cases,
but does not in express words declare that interest is collect-
ible thereon. But under the law, as declared by the courts
of this country and recognized by this court, upon all debts
interest is chargeable, unless exempted therefrom by con-
tract. When money is paid for the use of another, imposing
an obligation upon the party who receives the benefit of the
payment to re-imburse the party paying, interest from the
day of payment is recoverable. *Gibbs v. Bryant*, 1 Pick.,
118; *Renss. Glass Factory v. Reid*, 5 Cow., 587; *Sims v.
Willing et al.*, 8 Serg. & R., 103; *Milne v. Rempublicam*, 3
Yeates, 102; *Ilsley v. Jewett*, 2 Metc., 168.

In this case, defendant enjoyed the benefits of the pay-
ments made by plaintiff from the very day the payments
were made. Her lands thereby were relieved from tax sales
and the attending penalties, and they were preserved to her
against titles which would have been perfected under such
sales. These benefits began on the very day of payments.
The law will hold plaintiff liable for these advances, for the
reason that she ought, *ex aequo et bono*, to reimburse defend-
ant, with interest from the day of payment. This conclusion
we announced in *Goodnow v. Stryker*, 62 Iowa, 221.

VIII. As the payments were made for the protection of
the land which was afterwards adjudged to belong to defend-
8. ——: ——: ant, equity will declare and enforce a lien thereon
——: lien
upon lands. for the sum advanced. This is in accord with
the rules prevailing in that forum which enforces liens for
expenditures made for the protection and preservation of
property. It would surely be against good conscience to
deny to one who had expended his money for the preserva-
tion of the property of another a remedy against that prop-

erty, and subject him to the loss of the sums he has advanced. We have held that, in like cases, plaintiffs were entitled to liens. *Goodnow v. Moulton et al.*, 51 Iowa, 555; *Goodnow v. Stryker*, 62 Id., 221.

The plaintiff in our opinion is entitled to a lien upon all the lands collectively for the gross amount of the payments for taxes, with interest as above pointed out. We discover no ground upon which we can support the conclusion of the court below, that each tract of the lands is subject to a lien for no greater sum than the taxes levied thereon, with interest. Plaintiff cannot enforce the lien of the county for the taxes, nor is he subrogated to the rights of the county. That lien and those rights were discharged and satisfied by the payment of the taxes. The lien to which he is entitled arises in equity, which will perfectly protect him, without subjecting him to delay, expense, and probable defeat of his equities to some extent, by imposing the lien upon the separate tracts of land. Defendant, as she is bound by the law and good conscience to pay the sums expended by plaintiff, can interpose no objection to the enforcement of the judgment against part or all of the lands. As she is found to be the debtor of plaintiff, she ought not to dictate a remedy which may fall short of full relief. In good conscience she ought to pay plaintiff without an execution, and in that case the character and extent of the lien would be of no concern to her. It is not made to appear that any other parties are interested in the lands.

The decree of the court below will be reversed, and the cause remanded for a decree in accord with this opinion, or, at the option of plaintiff, such a decree may be entered in this court.

REVERSED.