GOODNOW v. OAKLEY, ASSIGNEE, ET AL.

1. **Bankruptcy:** ACTION AGAINST ASSIGNEE AND HIS GRANTEES TO ENFORCE A LIEN: LIMITATION: REV. ST. U. S., § 5057. Plaintiff had a right of action against L. on account of taxes paid by him on L.'s land under a mistake as to the title, and a right to a lien on the lands for the same, under the doctrine of *Goodnow v. Litchfield*, 63 Iowa, 275. But L. was adjudged a bankrupt, and plaintiff brought his action against the assignee, and others to whom the assignee had transferred portions of the land, to recover for the taxes and to enforce the lien: *Held* that, as the action was not begun within two years from the time when the cause thereof accrued, it was barred, both as against the assignee and his grantees, by § 5057, Rev. St. U. S.

*Appeal from Webster District Court.*

WEDNESDAY, JULY 22.

ACTON in chancery to recover for taxes paid by plaintiff from 1864 to 1871, inclusive, upon certain lands owned by

defendants, and to enforce a lien thereon for the amount so paid. There was a decree in the court below for plaintiff. Defendants appeal.

*C. H. Gatch,* for appellants.

*George Crane,* for appellee.

Beck, Ch. J.—I. The facts whereon plaintiff seeks to recover are substantially the same as those involved in all of the numerous actions recently decided by this court, brought by him against different defendants, seeking the same relief prayed for in this cause. Of these cases, see, especially, *Goodnow v. Litchfield*, 63 Iowa, 275. When the taxes were paid by plaintiff, the lands were owned by Elisha C. Litchfield, who, before this suit was brought, was adjudged a bankrupt under the statute of the United States. Subsequent to the bringing of the action, the assignee conveyed the land to other persons, who, by proper amendments of the petition, are made defendants. Among other defenses, the defendants separately pleaded that the action is barred by a provision of the bankrupt statute (Rev. St. U. S., § 5057) which is in the following language: " No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

II. It is not claimed, and cannot be, that the grantees of the assignee, the land having been conveyed to them after the commencement of this suit, may make defense to the action which could not have been pleaded by the assignee. It is plain that the grantees stand in the shoes of the assignee, and that they can make the defenses, and no other, which he could plead had the title remained in him. The cause of action accrued to plaintiff more than two years prior to the com-

mencement of the suit. The plaintiff seeks to recover against the assignee and the other defendants a judgment for the amount of taxes paid by him, and prays that the judgment be made a lien upon the lands whereon the taxes were levied. It is plain that the plaintiff comes within the express language of the provision as one "claiming an adverse interest touching   *   *   *   property or rights of property *   *   * vested in such assignee." Discussion will add no force to the mere statement of this obvious proposition. The United States supreme court, in *Jenkins v. International Bank,* 106 U. S., 571, (575,) S. C., 2 Sup. Ct. Rep., 1, after referring to an amendment of the provision by the act of June 22, 1874, c. 390, which need not be recited here, uses this language: "The limitation clause of the section, however, needed no amendment, for it applied to all suits brought in any court, federal or state, by or against the assignee, and, using the word "or" distributively, it applied to all suits touching an interest in property transferable to the assignee, no difference who was suitor. The reason of this is that there might be suits brought concerning property or rights of property vested in the assignee, in which he was not a necessary party, as ejectment against his tenant, or foreclosure of liens paramount to his, to which the plaintiff did not choose to make him a party. It was intended to say that in any such case, in any court where the suit touched property or rights to property of the bankrupt passing to the assignee, it would be a good defense that it was not brought within two years after the right of action accrued."

This authoritative interpretation of the provision leaves no doubt that one who attempts to enforce a lien against property held by the assignee, or which he has conveyed, must bring his action within two years after the cause thereof accrued, otherwise it will be barred. Counsel for plaintiff insists that, where the assignee sells the interest of the bankrupt in property subject to incumbrances, which he may do under Rev. St. U. S., § 5075, without making the adverse lien-holders

parties to the proceeding in bankruptcy, the limitation in question does not apply. We fail to discover force in counsel's argument in support of this position. It is certainly in conflict with the language of the United States supreme court above quoted. If counsel's position be sound as to an action by a lien-holder to enforce his lien after the property has been conveyed by the assignee who is not made a party therein, it does not follow that it is applicable to this case, wherein the assignee is a party, and recovery is sought and had against him, as well as against his grantees. This is certainly an action within the very language of the statute above quoted, (section 5057,) being "between the assignee and a person claiming an adverse interest touching property vested in such assignee." Counsel's argument, based upon what he regards as the purposes and reasons of the bankrupt statute, though strong and ingenious, cannot overcome the plain language of the provision in question, which permits no other interpretation than the one we adopt.

III. Various other questions are argued by counsel. Many of them are settled by decisions in the various cases in this court brought by plaintiff, which are referred to above. One or two have not before arisen; but, as the point we decide is decisive of the case, they need not be considered. The decree of the district court will be reversed, and the cause will be remanded for a decree in harmony with this opinion, or, at defendant's option, such a decree may be entered in this court.

REVERSED.