[No. 4397.]

## CLARK v. KNOX ET AL.

1. **Tax Sales—Redemption by Lienholder.**

    In an action by the grantee of an insolvent debtor against an attaching creditor to remove cloud from title, judgment in the lower court was in favor of defendant, holding the conveyance to plaintiff to be in fraud of creditors. On appeal the judgment of the lower court was reversed on the question of fraud. Pending appeal, and on the last day that redemption could be made, defendant redeemed the property in controversy from a tax sale. Held, that a subsequent decree in plaintiff's favor properly required plaintiff to pay to defendant the amount paid out by defendant for the redemption from tax sale before plaintiff's title was made absolute.

2. **Res Judicata—Identity of Parties, Issues and Subject-Matter.**

    Where the parties are the same and the issues identical, and the identical matters actually decided in a former action are attempted to be relitigated in a subsequent action, the fact that the causes of action are different, or concern different properties, does not prevent the application of the rule of res judicata.

3. **Same—Fraudulent Conveyances.**

    In an action by the grantee of an insolvent debtor against an attaching creditor to remove cloud from title, where defendant pleaded as a defense that the conveyance to plaintiff was fraudulent as to creditors of the grantor, also that the deed to plaintiff was delivered after the levy of defendant's attachment, and the trial court found both issues in favor of defendant and gave judgment in his favor, and on appeal the court of appeals reversed the finding of the lower court on the question of fraud, holding that the deed to plaintiff was not fraudulent, but affirmed the judgment on the ground that the deed was delivered after the levy of the attachment, in a subsequent action between the same parties involving the same issues, the judgment of the court of appeals was res judicata as to both issues.

**4. Same.**

Where, in an action between the grantee of an insolvent debtor and an attaching creditor, involving title to real estate, the pleading raised two issues: first, that the conveyance of the debtor was in fraud of creditors, and second, that the deed was delivered after the levy of the attachment, and both issues were found in favor of the attaching creditor by the lower court and a decree rendered in his favor, and on appeal the appellate court reversed the finding of the lower court on the question of fraud, deciding that the conveyance was not fraudulent, but affirmed the judgment on the second issue, in a subsequent action between the same parties involving other real estate conveyed by the same deed and levied on by writ of execution after the delivery of said deed, the judgment of the appellate court on the question of fraud was res judicata.

**5. Res Judicata—Several Issues.**

Where several issues are properly raised by the pleading and are decided by the court, the parties are concluded by the decision on all the issues determined, although any one of them would have been sufficient to end the case.

*Appeal from the District Court of Arapahoe County.*

Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellant.

Mr. H. E. LUTHE and Mr. CHARLES D. HAYT, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

In May, 1897, an action was begun in the district court of Arapahoe county by Susan T. Knox against A. J. Clark, and there proceeded to final judgment in defendant's favor, which was affirmed by the court of appeals.—*Knox v. Clark,* 15 Colo. App. 356. The object of the action and the issues therein tendered and decided are thus tersely stated in the opinion of Mr. Justice Thomson:

"This proceeding was instituted by the appellant against the appellee to remove a cloud from a title which she claimed in certain real estate situate in the

city of Denver, caused by the levy of a writ of attachment upon the property in an action wherein the appellee was plaintiff, and John W. Knox, the husband of the plaintiff, defendant, which attachment had been sustained by the judgment of the court. The defendant admitted the attachment and the judgment, denied ownership in the plaintiff, and averred that the land was attempted to be conveyed to her by her husband for the purpose of cheating and defrauding his creditors, of whom the defendant was one. The prayer of the answer was that the alleged title of the plaintiff be adjudged to be subject to the attachment lien of the defendant."

While the appeal in that action was pending, and in January, 1900, Susan T. Knox, plaintiff in the former action, and the predecessor in interest of the appellees here, brought this action against A. J. Clark, defendant in that action. The present action concerns certain real estate in the city of Denver—different tracts from that on which the attachment writ in the former action was levied, but included in the same deeds in which the attached property was conveyed—and its object is to remove therefrom a cloud caused by a sheriff's deed issued to the defendant by the sheriff of Arapahoe county upon a sale under an execution sued out of the same judgment referred to by Mr. Justice Thomson in the foregoing excerpt, but at a later date than the levy of the attachment.

Two defenses were relied upon in both actions. In one of these defenses precisely the same issue of fraud was pleaded in both suits. In the first action the other defense was that the title of the plaintiff to the property in dispute, evidenced by two certain deeds of conveyance from her husband John W. Knox, vested after, hence was subject to, the lien thereupon which defendant acquired by virtue of the levy of his

writ of attachment; while in the second action a similar, but not the same, defense set up was that plaintiff's title was subordinate to the lien of an execution levy made more than two years after the attachment levy, though both writs issued out of the same proceeding:

In the first action, evidence was produced as to both issues. They were argued by counsel and the court decided both in favor of the defendant. In the second action, which was between the same parties, the findings of the trial court upon both issues therein tendered were in favor of the plaintiffs, the representatives of Mrs. Knox, and the decree entered thereupon removed the cloud caused by the sheriff's deed, and confirmed title in the plaintiffs to the premises in dispute.

By appropriate supplemental pleading it was alleged that, pending this litigation between these parties, and while there was a decision in his favor by the district court of Arapahoe county in the former suit upon both issues, and before the modification of the findings and affirmance of the judgment in the court of appeals, and while he in good faith believed that he had a valid lien upon the property involved in the present action, Mr. Clark, on the last day for redemption, redeemed from a tax sale which had been made of all the property included in the deeds from Mr. Knox to his wife, and did so for the purpose of preventing the title from vesting elsewhere. The court, finding that such redemption was made in good faith, and while Clark held a decree declaring the title of Mrs. Knox (the predecessor of the plaintiffs in interest) to be null and void, concluded that equity and good conscience required, and therefore so ordered, that plaintiffs' title should become absolute only when they repaid to the defendant the amount

of taxes with legal interest. Plaintiffs have assigned cross-error to this ruling.

Two questions have been presented and argued upon this appeal: *First,* on plaintiffs' cross-error, directed to the ruling of the court requiring plaintiffs to refund the taxes paid; *second,* on defendant's assignment, whether, by the decision of the court of appeals in the former case, the question of fraud in the deeds under which Mrs. Knox claims title is *res judicata;* no question being raised as to the correctness of the finding that the delivery of the deeds antedated the levy of the execution.

1. The general rule is that one cannot make himself the creditor of another by paying a debt or obligation of the latter without his request or assent. Acting upon this principle, the supreme court of the United States in *Homestead Co. v. Valley Railroad,* 17 Wall. 153, 167, held that where one of the parties to a litigation voluntarily paid taxes on certain lands which were the subject-matter of the suit, he has no right to be reimbursed for this expenditure, in case the title is adjudged not to belong to him, on the ground that the taxes were paid in good faith and in ignorance of the law. In the absence of a request from the true owner, it was there said that such payment was only voluntary, made with a full knowledge of all the facts, and therefore the party having paid in such circumstances had no claim for its repayment. Of similar import is *Huddleston v. Washington,* 136 Cal. 514. The supreme court of Iowa, in the Goodnow cases, which disclose a state of facts quite similar to the case in hand, held that a promise upon the part of the true owner to repay the taxes would be implied, and that equity and common honesty uphold such a rule. *Goodnow v. Stryker,* 62 Ia. 223; *Goodnow v. Litchfield,* 63 Ia. 275, 281. In *Iowa, etc., Land Co. v. Davis,* 102 Ia. 128, some doubt is thrown

upon the previous decisions by the same court, and there was manifested an intention not to extend the doctrine of the earlier cases.

The facts of this case, we think, differentiate it from the Homestead Co. case and the California case. Here Mr. Clark did not redeem from the tax sale until the last day for redemption. At that time there was a decree in his favor by a court of competent jurisdiction declaring his adversary's title void as against him and creditors generally, and although that decree did not in terms adjudicate that the title to the particular premises involved in this action was void, yet the title of plaintiffs' predecessor in interest to the property here involved was conveyed by the same deeds under which she held title to the tracts there in controversy. And as these same deeds were then declared to be void because of the fraud of both the grantor and grantee, the legal effect of the decision so holding was to vitiate title to all the property attempted to be passed thereby. The redemption was made in absolute good faith, with a belief on the part of Mr. Clark that the title was in him, and this conviction was fortified by a decree of court. The payment was not made prematurely, but at the last moment before the title might, and, had not the redemption been made, would, have passed from all the parties to the suit. The plaintiffs have had the benefit of this payment. While in one sense the redemption was voluntary, yet, in another, it was compulsory, and we think the facts are sufficient from which a promise by the true owners to repay may be implied by a court administering equitable relief.

2. At the first trial, as has already been stated, Clark, in his answer, affirmatively pleaded as a defense that the plaintiff, Mrs. Knox, had no title under the deeds which she received from her husband, John W. Knox, who was the judgment debtor of the

defendant Clark, because they were made with the intent to hinder, delay and defraud his creditors; and the other defense relied upon was that these deeds were not delivered until after Clark's writ of attachment in his suit against John W. Knox had been levied upon the property.

The trial court found both these issues in favor of defendant,—that the levy of the attachment preceded the delivery of the deeds, and that the transaction by which John W. Knox attempted to vest title in plaintiff was fraudulent. These two issues were squarely presented by the pleadings, argued by counsel and considered by the court, and in the findings are express recitals that both issues were decided by the court upon which the judgment was entered. Had no appeal been taken from that decree, there is no question but that such determination upon both issues would be *res judicata,* and neither issue could be litigated in a subsequent action by either of the parties, whether the cause of action therein was the same as, or different from, that set up in the first. For while the rule is generally stated to be that the doctrine of *res judicata* does not apply unless in the second action the parties and the cause of action are the same as in the first, still if the parties are the same and the issues identical, the fact that the causes of action are different, or concern different properties, does not prevent the application of the rule when the identical matters actually decided in the first action are attempted to be relitigated in the second. —21 Am. & Eng. Enc. Law (1st ed), 184 *et seq.;* 24 Am. & Eng. Enc. Law (2d ed.), 778 *et seq.; Cromwell v. County of Sac,* 94 U. S. 351; *Almy v. Daniels,* 15 R. I. 312; Wells on Res Judicata, §§ 5, 582; *Alexander v. Worthington et al.,* 5 Md. 471, 489; *420 Min. Co. v. Bullion Min. Co.,* 3 Sawyer, 634, 646, 651; *Clink v. Thurston,* 47 Cal. 21.

This was recognized by defendant himself when, in his original answer filed herein while the judgment of the district court was in force and before the decision of the court of appeals was made, he pleaded the findings and decree of the trial court as *res judicata* of the questions of fraud and priority of the attachment over plaintiff's title under the deeds. If his learned counsel have apparently changed position, it may be because the action of the court of appeals, subsequently taken, requires it, and to this we now address ourselves.

Upon the review of this judgment by the court of appeals, both of these issues were again fully discussed by counsel and considered and decided by the court. Upon the issue as to the character of the transaction by which John W. Knox sought by the deeds to invest his wife with title, the court of appeals said the findings of the lower court were wrong and not supported by the proof, and, itself, expressly held that there was no fraud in the transaction. As a necessary consequence, it followed that, as between the grantor and grantee and creditors not then having liens which the law recognizes and enforces, the plaintiff, Mrs. Knox, acquired a perfect title. As to the second issue, the court affirmed the findings of the trial court, and held that the deeds, though valid as between the grantor and grantee and as to third persons whose rights had not attached when the conveyance became effective, were, nevertheless, subject to the lien of the defendant's attachment, because the deeds were not delivered to, or accepted by, the grantee until after its levy, and, thereupon, affirmed the judgment in its entirety.

It is difficult to see why the doctrine of *res judicata* does not apply to both of these propositions, as decided by the court of appeals. By confirming the finding of the trial court as to non-delivery of

deeds until after the levy of the attachment writ, and rejecting its finding on the issue of fraud in the conveyances, and pronouncing thereupon a judgment of affirmance, it was as if the trial court itself had, in the first instance, made the same findings. In that event, it would seem clear that both of such findings, when confirmed by a judgment, would be, as a plea, a bar, and as evidence, conclusive. The same result attends them when made by the appellate court.

But defendant says that the lower court, in the case at bar, ruled that the previous decision of the court of appeals was *res judicata* only as to the fraud issue, and not on the question as to whether the delivery and acceptance of the deeds of John W. Knox preceded or followed the levy of the writ of execution. And, as he proceeds to argue, the final decree in the first action should be conclusive as to both of these issues, or as to neither. In this we agree with his counsel, if both issues were identical in the two actions. This contention does not bear careful analysis, as we proceed to show. The issue in the first action as to the delivery of the deeds was whether it was made before or after the levy of the attachment writ, January 10, 1896,—that is, which of these two acts was first in order of time. That particular issue, so restricted as to time, having been determined in favor of the attachment lien, cannot be the subject of further litigation between the parties in any action. The issue in this, the second, action as to the relative priority of title was, and is, whether the levy under the writ of execution, July 15, 1898, was before or after the delivery and acceptance of the John W. Knox deeds. Necessarily this issue could not have been, and was not, tendered, considered or decided in the former action, and, in the nature of things, was not then in contemplation of the parties or the court.

It is different, however, with respect to the other issue of fraud. The deeds were, or were not, fraudulent at the time of their execution. If they were declared by the court of appeals fraudulent or valid when executed, that ends the entire controversy upon that issue, not only as to the property then in dispute, but as to all the property conveyed by the deeds. The circumstance that the present suit relates to other property than that involved in the first is not important, for the effect of the former decision in the reviewing court was not to hold the transaction valid merely as to the property therein involved, but necessarily—the transaction being the same and the consideration an entire one—the innocent character of these two instruments of conveyance preserved to Mrs. Knox not only the particular property involved in that suit, but extended the same protection to all that the deeds embraced. The land here in controversy, the title to which was sought to be quieted in this action, was included in the same deeds which were held valid in the former suit. This necessarily made them valid as to all of the property embraced therein. *Clink v. Thurston, supra; McDowell v. Gibson,* 58 Kan. 607. Indeed, rightly considered, the subject-matter of the litigation in both actions as to the fraud issue was one and the same, viz., the transaction between Mr. and Mrs. Knox which culminated in the deeds, and the cause of action declared on in both proceedings was and is the alleged fraud which characterized that transaction. In other words, the issue in the former suit as to the character of the transaction in its bearing upon the validity of the deeds, is the identical issue which is sought to be raised by the defendant here, and its decision there is *res judicata* as between the same parties and their privies.

It is said, however, by defendant in his brief in support of his oral argument, that the effect of the

decision of the court of appeals upon the issue of fraud was nothing more than a reversal, and the general rule is that a reversal of a finding of a trial court leaves the question the same as before such finding had been made by the latter. The argument, therefore, is that the question of fraud was never determined at all by the former adjudication of the court of appeals, and either party is at liberty to have that question settled for the first time in the proceeding at bar under the issues raised in the answer. We do not so understand. The effect of the decision of the court of appeals was that this transaction between John W. Knox and his wife Susan T. Knox, was honest, not fraudulent; that thereby Mrs. Knox acquired a good and valid title to the property therein described as between her and her grantor, and as to third persons not having prior liens thereon; but that such title must necessarily be postponed to the defendant's lien, because the latter attached before the title thus acquired by Mrs. Knox became vested, as the deeds by which she acquired it were not delivered until after the levy of defendant's attachment writ. The adjudication necessarily was that there was no fraud as between the grantor John W. Knox and the grantee, Susan T. Knox, and creditors whose rights attached subsequent to the delivery of the deeds. That precise issue was there presented and determined, and is conclusive upon the parties here, who are the same as in the former suit.

The fact that it was not essential that the court of appeals should pass upon the question of fraud, because the judgment was predicated entirely upon the finding on the other issue in the case, viz., that the deed was not delivered until after the lien of the attachment accrued, is not material. Such finding, it is true, was conclusive of the rights of the parties, yet this did not preclude the court from passing upon

the other issue of fraud which was presented by the pleadings and argued by counsel. Under our code of procedure a defendant may interpose as many defenses as he has, and the court may determine all, though the decision of any one may be sufficient to end the case, and the parties are thereby concluded as to all. *Sheldon v. Edwards,* 35 N. Y. 279, 288; *Railroad Companies v. Schutte,* 103 U. S. 118-143; *Hawes v. Contra Costa Water Co.,* 5 Sawyer, 287, 296 *et seq.; Doty v. Brown,* 4 N. Y. 71. The court of appeals expressly found that the transfer was not fraudulent. If it was not fraudulent, the necessary legal conclusion is that the plaintiff took good title to the premises described in the deeds as against all persons whose liens or title were of a date later than their delivery and acceptance; but as to valid liens of creditors previously existing, of which kind was Clark's lien by attachment, the valid title of Mrs. Knox was subordinate. This holding is not at all inconsistent, but is in entire harmony, with the ruling of the court below in the case at bar that the issue as to the delivery of the deed raised in the pending action was not settled in the former suit.

In its opinion the court of appeals, after having definitely declared that the transaction between Mr. and Mrs. Knox was perfectly fair and honest, observed that even if the proof had shown fraud, the judgment, if it rested solely on proof thereof, could not be sustained, because John W. Knox, the grantor in the deeds, was not made a party. But this alleged defect of parties was considered immaterial and harmless, for the finding of fraud by the lower court was not warranted by the facts. In passing, it should be said that the supreme court, in a subsequent case (*Homestead M. Co. v. Reynolds,* 30 Colo. 330), held that, in such a case, the grantor was not a necessary party. This, however, is not important here, for the

rights of the parties to this action are, as to the point under consideration, to be tested by the decision of the court of appeals. The alleged defect of parties did not preclude the court of appeals from passing upon the fraud issue. At least that tribunal assumed to do so, and of its action in that respect the parties to that litigation may not complain. The defect was urged for the first time in the appellate court, and that tribunal merely said that such defect was immaterial, because no fraud was established. And if there was no fraud, as the appellate court declared there was not, then the grantor and grantee were not injured by the absence of the former, and defendant could not complain of his own neglect in not bringing him in. It necessarily follows that whatever findings were, as matter of fact, there made, bind the parties in this action, who were then before the court.

Undoubtedly, the court of appeals, had it thought it in the interests of justice to leave open the issue of fraud, might have done so. From the fact that, as to such issue, it decided it adversely to defendant's contention, we may rightly presume that it considered that there should be no further controversy about it. And had the court of appeals rested its judgment solely upon its finding as to the delivery of the deed, and said nothing whatever upon the question of fraud, it might well be said that the judgment of the district court that the transaction between Mrs. Knox and her grantor was fraudulent, is still in force, and might be pleaded by the defendant here as *res judicata* in his favor upon that proposition; but the court of appeals was not content to do that, but, as it had a perfect right to do, proceeded to consider and discuss the character of the transaction and held that it was honest and sufficient to vest title in the grantee as against the creditors of the grantor whose rights were not prior in time to those of the grantee.

As summarizing our conclusion, we say that the issue as to fraud, in the former action, was precisely the same issue which defendant attempts again to raise in this action. The parties are the same in both actions. Not only was such issue properly presented in the former case by the pleadings, but it was thoroughly considered by the trial court and the court of appeals, and actually decided, though the finding of the former was set aside by the latter, and a different finding, and one in plaintiffs' favor, was substituted therefor. Cases like *Nesbit v. Riverside Independent District,* 144 U. S. 610, holding that where the causes of action are different, only issues actually determined, not those that might have been and were not, are *res judicata,* are not applicable to the facts of the case in hand, even if the causes of action we are considering be different, for the fraud issue was actually decided in the former suit.

The judgment of the trial court was right, and it is affirmed.                                    *Affirmed.*

Mr. JUSTICE STEELE did not hear the oral argument or participate in the decision.