## Levy & Co. v. Wilson.

1. **Pleading**: VERIFICATION. An affidavit of verification attached to a petition and referring to "the foregoing petition" is sufficient, notwithstanding it does not set out the names of the parties to the action.

2. ———: ———: MADE IN ANOTHER STATE. Where the affidavit is made in another state before a clerk of a court, an omission to state in the certificate that the court is a court of record is not fatal thereto. Evidence *aliunde* may be given to establish the character of the court.

*Appeal from Linn District Court.*

FRIDAY, JUNE 16.

THIS is an action on account for goods sold. The verification to the petition being defective, a motion to strike the answer from the files for want of verification was overruled. Plaintiffs took leave to amend the petition, and on the 25th day of October, 1875, an amendment was filed consisting of an affidavit of verification made by one of the plaintiffs to the suit. The affidavit was made on the last page of the petition after the formal parts of the petition and accounts attached. It is in the following form: "I, Joseph D. Levy, one of the firm of said plaintiffs, being sworn, on oath state, that the matters and things stated in the foregoing petition, together with the account attached thereto, and each and every item of said account, is just and true as affiant verily believes.

JOSEPH D. LEVY."

"Subscribed and sworn to before me this 22d day of October, 1875. Witness my hand and seal of the Circuit Court, at Quincy, this 22d day of October, 1875.

GEORGE BRIXLEY, *Clerk*."

The seal has the following printed inscription thereon: "Seal Circuit Court, Adams county, Illinois."

At the time of filing this amendment the plaintiff filed another motion to strike the answer for want of verification, which was sustained, to which defendant excepted; and he was required to answer the petition as amended in ten days.

On the 4th day of November, 1875, no amended answer having been filed, the defendant was adjudged to be in default, and the cause was submitted to the court and judgment rendered for plaintiff, and defendant appeals.

· *J. B. Young,* for appellant.

*I. M. Preston & Son,* for appellee

ROTHROCK, J.—I. The only question made by this appeal is, that the affidavit of Joseph D. Levy and the jurat of the officer before whom it was taken is insufficient as a verification to the petition. It is first insisted that the affidavit does not show the title of the suit, nor that affiant is one of the parties to the suit. These objections are based on the affidavit alone, without reference to the petition to which it was attached. It was on the last page of the petition and it refers to " the foregoing petition." It will therefore be presumed that the petition and affidavit were both before the affiant when he was sworn; and when the petition and affidavit are considered together these objections are of no avail to the defendant.

1. PLEADING: verification.

II. It is next insisted that the jurat does not show that the officer before whom the affidavit was made was authorized to administer oaths, and does not show the place where the affidavit was taken. This objection as to the place where the affidavit was made is not sustained by the facts when reference is had to the whole jurat, and the inscription on the seal. It sufficiently appears that " George Brixley" before whom the affidavit was made was clerk of the Circuit Court of Adams county, Illinois, and the venue is thus clearly shown.

The objection that it does not appear that the officer was authorized to administer oaths consists in the omission to state in the certificate that the Circuit Court was a court of record. Sec. 3692 of the Code provides that affidavits may be taken out of the state " before  *  *  * any judge or clerk of a court of record." It is not provided that the only mode of showing this fact is by the certificate

2. ———: ———: made in another state.

or jurat of the clerk. For aught that appears in this record the court below may have received evidence *aliunde* on this question, such as the statute of the State of Illinois establishing the Circuit Court. We will at least presume that the court was sufficiently advised on this question, especially as it is not shown that the defendant was absent so that the answer could not be verified within the time fixed by the court.

AFFIRMED.