## GOODNOW v. LITCHFIELD. (Two Cases.)

1. **Taxes**: PAYMENT IN GOOD FAITH ON ANOTHER'S LAND: RECOVERY. Where one, not officiously, but in good faith, relying upon a belief that he has a good title to the lands, pays the taxes thereon, but the title is subsequently adjudged to be in another, he may recover of the owner of the lands the amount of taxes so paid, with six per cent per annum interest on each payment.

2. **Public Lands**: DES MOINES RIVER GRANT ABOVE RACCOON FORKS: WHEN LANDS BECAME TAXABLE. The lands covered by the Des Moines river grant, and lying above the Raccoon forks, were taxable for the year 1861. *Goodnow v. Wells, ante,* p. 654, followed.

3. **Pleading**: SETTING FORTH CHARACTER OF PLAINTIFF AS TRUSTEE OF EXPRESS TRUST. Where it plainly appeared from the petition that

plaintiff sued as the trustee of an express trust, and that he was specially authorized to bring and maintain the suit in his own name, *held* that the petition was sufficiently specific as to that.

4. **Removal of Cause to Federal Court:** TRUSTEE AS PLAINTIFF: CITIZENSHIP OF BENEFICIARY NOT CONSIDERED. Where a trustee, invested by assignment with the title to the claim in suit, and authorized to prosecute it, is plaintiff, and a citizen of the same state with the defendant, the cause will not be removed to the federal courts on the ground that the person beneficially interested is a citizen of another state. *Vimont v. Chicago & N. W. R'y Co.*, 64 Iowa, 513, followed.

5. **Notary Public:** SEAL OF FOREIGN NOTARY: PRESUMPTION AS TO CONTENTS OF. In the absence of evidence to the contrary, it will be presumed that the laws of another state are similar to those of Iowa, and that they require notaries public to use a seal similar to that required to be used by notaries in this state.

6. **Practice in Supreme Court:** PRESUMPTION AS TO EVIDENCE ON MOTION FOR CHANGE OF VENUE. In the absence of a contrary showing, it will be presumed that the court below acted upon sufficient evidence in allowing a change of venue; and, though no such evidence is found in an abstract purporting to contain *all* the evidence, yet such presumption will be entertained, for the abstract must be supposed to refer only to the evidence taken on the trial subsequent to the change of venue.

7. **Notary Public:** JURISDICTION: PRESUMPTION IN FAVOR OF. An affidavit bore the caption "State of Iowa, County of Webster," but appeared to have been sworn to before a notary public in Dubuque county. *Held* that it must be presumed, in the absence of other evidence, that the notary took the affidavit within his own county.

*Appeal from Webster District Court.*

TUESDAY, DECEMBER 15.

THESE cases involve claims for reimbursement for taxes paid upon certain lands in Webster county. There were judgments for the plaintiff, and the defendants appeal.

*C. H. Gatch*, for appellants.

*George Crane*, for appellee.

ROTHROCK, J.—I. The questions in these cases are sub-

stantially the same, and require but one opinion for their

**1. TAXES: payment in good faith on another's land: recovery.** determination. They are in many respects similar to cases already determined by this court involving the right to recover for taxes paid on what is known as the Des Moines river lands.

The whole controversy is just this: The lands above what is known as the "Raccoon fork of the Des Moines river" were for a long time in controversy between what is known as the "River Grant" and the "Railroad Grant." The claimants under the river grant finally recovered the lands. Pending the various contests as to the title to the lands, the claimants under the railroad grant paid large sums of money in the discharge of taxes upon the lands. They claim that, inasmuch as the claimants under the river grant succeeded in obtaining the lands, they ought to pay the taxes thereon; or, what is the same thing, they ought to reimburse the claimants under the railroad grant for what they have paid. This court has been of that opinion, and in many cases which we have determined arising out of these matters we have determined that the taxes were not officiously paid by the plaintiffs or their assignors, but that the payments were made in good faith, and ought to be repaid, with six per cent per annum interest from the time of the respective payments. The payments in these cases are for taxes for the years 1861, 1862 and 1863.

**2. PUBLIC lands: Des Moines River grant above Raccoon Forks: when lands became taxable.** It is urged that the lands were not taxable for year 1861. We had occasion to examine this question in the case of *Goodnow v. Wells, ante,* p. 654, decided at the present term, and we there held that the lands were taxable for that year, and with that decision we are content.

II. The defendant moved to require the plaintiff to make his petitions more specific, and the motions were overruled.

**3. PLEADING: setting forth character of plaintiff as trustee of express trust.** The petitions show that the plaintiff sues as the assignee of the Dubuque & Sioux City Railroad Company. The assignment was in writing, and the same is exhibited with the petitions, and

*made part thereof.* It plainly appears from the petition that the plaintiff sued as trustee of an express trust, and he was specially authorized to bring and maintain suits in his own name to recover the taxes in question. We think the petitions were sufficiently specific.

III. The defendants filed petitions for the removal of the causes to the circuit court of the United States. They alleged that they were citizens of the state of New York, and "that the plaintiff, Goodnow, is only a nominal party to the suits, and has no interest therein whatsoever, but is prosecuting the same for the sole and exclusive use and benefit of the Dubuque & Sioux City Railroad Company, which was at the commencement of the suits and still is a corporation under and by virtue of the laws of the state of Iowa, and having its principal place of business in said state of Iowa, which said railroad company directed the commencement of said suit, employed counsel to prosecute the same, and are directing and controlling the prosecution." The petition for removal was disallowed, and the defendants excepted, and assign the ruling as error.

4. REMOVAL of cause to federal court: trustee as plaintiff: citizenship of beneficiary not considered.

If the petition had been entertained by the court, and the removal ordered, it would have been upon the ground that the controversy was really between citizens of different states; that is that it was an action between the Dubuque & Sioux City Railroad Company, of the state of Iowa, and of the defendant, a citizen of the state of New York. But the assignment to the plaintiff invested him with the title to the claim or cause of action, and authorized him to prosecute it by suit. We have recently decided that in such case a party has no right to a removal of the cause to the federal court. See *Vimont v. Chicago & N. W. R'y Co.*, 64 Iowa, 513.

IV. The venue of the actions was changed from the circuit court to the district court of Webster county on the application of the plaintiff. The defendants insist that the showing made for the change

5. NOTARY public: seal of foreign notary: presumption as to contents of.

of venue was insufficient. The affidavit of the plaintiff in support of the motion to change the venue was as follows:

"STATE OF IOWA, COUNTY OF WEBSTER—IN THE CIRCUIT COURT OF SAID COUNTY.

"*Edward K. Goodnow v. Grace C. Litchfield.*

"I, Edward K. Goodnow, being first duly sworn, depose and say that I am the plaintiff in the above-entitled action; that M. D. Miracle, judge of this court, is, to the best of my knowledge and belief, so prejudiced against me that I cannot obtain a fair trial before him, and that the existence of such prejudice was not known to me prior to the last continuance of this cause. EDWARD K. GOODNOW."

"*State of New York, County of New York.*

"I, A. C. Vaughan, a notary public in and for the county and state of New York, do hereby certify that the foregoing affidavit was sworn to before me, and subscribed in my presence, by said Edward Goodnow this eighth day of May, A. D. 1882.

"Witness my hand and seal. A. C. VAUGHAN,

[Seal.] "Notary Public, Kings County.

"Ctf. filed in New York County."

> ARTHUR C. VAUGHAN,
> Notary Public,
> Kings Co., New York Co.

It is objected that the affidavit was not authenticated as required by the law, because the name of the state was not impressed on the seal of the notary public, and the case of *Stevens v. Williams*, 46 Iowa, 540, is relied upon as decisive of the question. In that case a notary public in Michigan affixed as a seal to a certificate to depositions a wafer, with his name and the name of the county written with a pen, and there was no impression on the paper or wafer. It was held that, as no proof was introduced that the laws of Michigan were different from our own, the authentication was not sufficient.

the seal, excepting that the name of the state is not engraved thereon. This is required by the laws of this state, and, while it is true the laws of other states are presumed to be the same as our own, unless the contrary is shown, yet we think it is fair to presume that some showing was made in the court below that by the laws of New York the name of the state was not required to be engraved on the seal. *Levy v. Wilson*, 43 Iowa, 605. We think this should be presumed in this case, because it does not appear affirmatively that this specific question was raised in the court below. The only objection made to the change of venue was a general exception to the order making the change. It is said that no presumption can be entertained that any evidence was introduced, because it appears from the abstract that all of the evidence introduced in the court below is contained in the abstract. We think this has reference to the evidence taken upon the trial of the case in the district court, and not to the preliminary proceedings in the circuit court. It is further objected that the supporting affidavit for a change was not properly authenticated, because in its caption it is entitled "State of Iowa, County of Webster," and it appears to have been sworn to before a notary public in Dubuque county, in this state. The presumption is that the notary public took the affidavit within his own jurisdiction, and the caption does not show that it was sworn to in Webster county.

*6. PRACTICE in supreme court: presumption as to evidence on motion for change of venue.*

*7. NOTARY public: jurisdiction: presumption in favor of.*

V. There is no other question in these cases except such as have been already determined by this court. We need not cite them. The most of them are cited in *Goodnow v. Wells*, *ante*, p. 654, decided at the present term.

AFFIRMED.