GOODNOW v. OAKLEY.

68  25
102  134

1. **Pleading:** INTEREST OF PLAINTIFF: MORE SPECIFIC STATEMENT. Where plaintiff based his right upon an assignment, set out in his petition, which gave him the right to prosecute the action in his own name, it was immaterial whether he sued in his own right or as trustee, and a motion for a more specific statement as to that was properly overruled.

2. **Removal of Cause to Federal Court:** TRUSTEE AS PLAINTIFF: CITIZENSHIP OF CESTUI QUE TRUST NOT CONSIDERED. *Goodnow v. Litchfield,* 67 Iowa, 691, followed.

3. **Notary Public:** SEAL OF FOREIGN NOTARY: SUFFICIENCY OF. *Goodnow v. Litchfield,* 67 Iowa, 691, followed.

4. **Taxes:** PAYMENT BY MISTAKE ON ANOTHER'S LAND: RECOVERY FROM TRUE OWNER. *Goodnow v. Litchfield,* 63 Iowa, 280, followed; *Garrigan v. Knight,* 47 Id., 525, distinguished.

5. ———: ALLEGATION OF PAYMENT: CONSTRUCTION OF WORDS USED. An allegation that plaintiff 's assignor " gave or delivered over to said county all the taxes so levied," *held* to be an allegation of unconditional payment of the taxes.

6. **Taxes:** PAYMENT BY MISTAKE ON ANOTHER'S LAND: RECOVERY FROM OWNER: STATUTE OF LIMITATIONS. *Goodnow v. Stryker,* 62 Iowa, 221, and *Goodnow v. Litchfield,* 63 Id., 280, followed.

7. ———: ———: ———: INTEREST: LIEN. *Goodnow v. Litchfield,* 63 Iowa, 280, followed.

8. **Corporation:** EXECUTION OF INSTRUMENT BY OFFICER: PRESUMPTION OF AUTHORITY FROM USE OF SEAL. An instrument purporting to bind a corporation, executed by one as president *pro tem.,* and purporting to be executed under the seal of the company, will be presumed, in the absence of a proper denial, to have been executed by authority of the corporation. *Blackshire v. Iowa Homestead Co.,* 39 Iowa, 624, followed.

*Appeal from Webster District Court.*

WEDNESDAY, DECEMBER 16.

ACTION in equity to recover of the defendant, Elizabeth F. Oakley, for payments made of certain taxes upon land in Webster county, and to establish a lien for the same on the land. There was a decree for the plaintiff. The defendant appeals.

*C. H. Gatch*, for appellant.

*George Crane* for appellee.

ADAMS, J.—I.   The defendant filed a motion for an order that the plaintiff be required to make his petition more specific by stating whether he sued in his own right or as trustee.   The court overruled the motion, and the defendant complains that the court erred in so doing.   The petition avers, in substance, that the taxes were paid by the Iowa Homestead Company, and that the claim arising in its favor by reason of such payment was duly assigned by such company to the plaintiff.   A copy of the assignment is set out, which, to. our mind, shows the right on the part of the plaintiff to prosecute the action in his own name, and we cannot think it material whether he does so nominally in his own right or as trustee

*1. PLEADING: interest of plaintiff: more specific statement.*

II.   The defendant filed a petition for a removal of the cause to the circuit court of the United States.   The court refused to grant the petition, and the defendant contends that the court erred in such refusal. The claimed right of removal was based upon the ground of citizenship.   It is not denied that the plaintiff and defendant are citizens of the same state, to-wit, the state of New York; but the defendant avers in her petition that the plaintiff is not the real party in interest, and has no interest, but is prosecuting the action for the benefit of the Iowa Homestead Company and the Dubuque & Sioux City Railroad Company, both of which corporations are organized under the laws of Iowa.   A question as to a right of removal arose upon a similar state of facts in *Goodnow v. Litchfield*, 67 Iowa, 691, decided at the present term, and it was held in that case that the right of removal did not exist.

*2. REMOVAL of cause to federal court: trustee as plaintiff: citizenship of cestui que trust not considered.*

III.   The plaintiff applied for a change of venue from the circuit court to the district court of Webster county.   The

**3. NOTARY public: seal of foreign notary: sufficiency of.** application was granted, and the defendant contends that in this the court erred. It is said that the plaintiff's affidavit was not authenticated as required by law. The affidavit purported to be made in the state of New York and county of New York, before A. C. Vaughan, who subscribed himself as follows: "A. C. Vaughan, notary public, Kings county,—certificate filed in New York county;" and attached was a seal bearing the words, "Arthur C. Vaughan, notary public, Kings Co., New York Co." An affidavit of the same kind was held sufficiently authenticated in *Goodnow v. Litchfield*, above cited.

IV. It is contended by the defendant that the payments made by the plaintiff's assignor were strictly voluntary, and **4. TAXES: payment by mistake on another's land: recovery from true owner.** with full knowledge of the defendant's claim of title, and that, under the rule of *Garrigan v. Knight*, 47 Iowa, 525, the plaintiff ought not to be allowed to recover. This court has repeatedly held, where payments of taxes were made under circumstances similar to those in this case, that a recovery could be had. See *Goodnow v. Litchfield*, 63 Iowa, 282, and cases cited.

V. The defendant moved that the plaintiff be required to make a more specific statement, so as to show "whether or **5. ——: allegation of payment: construction of words used.** not the money which it is therein alleged plaintiff's assignor gave or delivered over to said county of Webster was so delivered or given over in payment of said taxes, and, if so, whether or not such payment was unconditional, and made in the usual or customary way of paying taxes." The court overruled the motion, and the defendant contends that the court erred in so doing. The plaintiff's allegation is that "the Iowa Homestead Company gave or delivered over to said county all the taxes so levied," etc. In our opinion, the allegation should be construed as an allegation of payment, and we see nothing in it to indicate that the payment was understood to be otherwise than unconditional.

VI. It is contended by the defendant that the plaintiff's cause of action is barred by the statute of limitations. The question raised appears to us to be the same as that raised in *Goodnow v. Stryker*, 62 Iowa, 221, and *Goodnow v. Litchfield*, 63 Id., 280. Following those cases, we have to say that we think that plaintiff's claim is not barred.

6. TAXES: payment by mistake on another's land: recovery from owner: statute of limitations.

VII. Interest was allowed by the court below from the time of payment. The defendant contends that in this the court erred. We do not think that the facts of this case, so far as the question of interest is concerned, are such that the case can be distinguished from *Goodnow v. Litchfield*, 63 Iowa, 283. In that case it was held that interest was allowable from the time of payment. We think the court did not err.

7. ——: ——: interest: lien.

VIII. The court below allowed a lien upon the whole land for the whole sum paid. The defendant complains of this, but the ruling was in accordance with the ruling in the case last above cited.

IX. The plaintiff introduced in evidence an alleged assignment of the claim for taxes, purporting to be executed by Mason Thompson, as president *pro tem.* of the Iowa Homestead Company. The defendant objected to the introduction of the alleged assignment, on the ground that there is nothing showing the authority of Mason Thompson to act as president *pro tem.* The court overruled the objection, and the defendent contends that it erred in so doing. No argument is now made upon this point, but we may say that the genuineness of Thompson's signature was not put in issue by any proper denial. In addition to that, the instrument purported to be executed under the seal of the company. It was held in *Blackshire v. Iowa Homestead Co.*, 39 Iowa, 624, that the seal was *prima facie* evidence that it was affixed by proper authority, and that the court would presume that the deed was executed by proper authority. We think that the ques-

8. CORPORATION: execution of instrument by officer: presumption of authority from use of seal.

tion raised in this case comes within the ruling in that case. We see no error, and the judgment of the district court must be                                                        AFFIRMED.