TEUTONIA LOAN AND BUILDING COMPANY *v.* TURRELL.

[No. 2,372.    Filed March 10, 1898.]

NOTARIES. — *Power to Administer Oaths.* — *Judicial Notice.* — The power to administer oaths is not conferred upon a notary public by common law, but by legislative enactment, and courts of this State cannot take judicial notice of legislative enactments of other states conferring such powers. *pp. 470, 471.*

SAME.—*Jurisdiction.*—*Affidavit.*—Where by the caption of an affidavit it appears to have been sworn to in Marion county, Indiana, but by the certificate of the notary that it was sworn to in Hamilton county, Ohio, the place of such officer's jurisdiction, it will be presumed that such officer acted according to law and made the affidavit within his jurisdiction. *pp. 471, 472.*

GARNISHMENT.—*Attachment.*—*Affidavits.*—Where affidavits in attachment and garnishment are held insufficient no further proceedings can be had in such case until sufficient affidavits are filed. *p. 472.*

SAME.—*Attachment.*—*Affidavits.*—Where the court dismissed a cause in attachment and garnishment on account of the insufficiency of the affidavits on which such proceeding was based, additional affidavits filed with the clerk while the court had under consideration the original affidavits are not properly a part of the record on appeal. *pp. 472-474.*

From the Marion Superior Court.    *Affirmed.*

*Orris P. Cobb, Edwin J. Howard* and *George W. Woods,* for appellant.

*J. E. Scott,* for appellee.

ROBINSON, C. J.—Appellant sued appellee, and filed an affidavit and bond in attachment and also an affidavit in garnishment.    The garnishee defendant, John Herron, executor of the last will of Electa Herron, deceased, appeared specially and moved to quash the writs of attachment and garnishment, which motions

Teutonia Loan and Building Company *v.* Turrell.

were sustained, and these rulings are the first errors assigned.

It is argued that the affidavit in attachment was insufficient for the reason that it appears from the venue of the affidavit that it was sworn to in Marion county, Indiana, and from the certificate of the notary before whom the affidavit was sworn, and his official seal, that the oath was administered in Marion county, Indiana, by one Orris P. Cobb, a notary public in and for Hamilton county and State of Ohio; and that there is no certificate of the clerk of the circuit or district court or court of common pleas in Hamilton county, Ohio, that such notary is by the laws of that state empowered to administer oaths and take affidavits.

In the particulars above named the affidavits in attachment and garnishment are the same. The affidavit in attachment, as to the objection urged, is as follows:

"State of Indiana, Marion County, ss:

"The Teutonia Loan and Building Company v. Oscar Turrell. No. 45716. Superior Court. Affidavit in attachment. Gotlieb Holz, being duly sworn, etc., * * * as affiant verily believes. [Signed] G. Holz.

"Subscribed and sworn to before me this 2nd day of September, 1893. Orris P. Cobb, Notary Public in and for Hamilton county and state of Ohio." Notarial seal Hamilton county, Ohio.

A notary public is a public officer. The office originated in the early Roman jurisprudence and was known in England before the conquest. All acts done by a notary public, which fall within the rules of the law merchant, have always been respected under the law of nations. But there are certain acts which do not belong to the office except by virtue of a statute. One of these is taking affidavits. All the states have

conferred this power upon notaries, but the courts of any one state cannot take judicial notice of a statute of another state conferring this power. We have a statute in this State which provides that certificates or instruments purporting to be the official act of a notary public of this State or of any other state, and purporting to be under the seal and signature of such notary public, shall be received as presumptive evidence of the official character of such instrument and of the facts therein set forth. Section 464, Burns' R. S. 1894. But it is evident that this section was not intended to apply to taking an affidavit in another state as that is especially provided for in another section.

Section 483, Burns' R. S. 1894, provides that: "When any affidavit is taken in another state, and certified by the officer or justice of the peace taking the same, under his hand and seal of office, if he have any such seal, and attested by the clerk of the circuit or district court, or court of common pleas of the county where such officer exercises the duties of his office, under the hand of the clerk and seal of his court, the clerk also certifying that the officer or justice of the peace is, by the laws of said state, duly empowered to administer oaths and affirmations, and take affidavits, every such affidavit shall be deemed sufficiently authenticated, and may be received and used in any of the courts of this state."

In the case at bar the officer was a notary in and for Hamilton county, Ohio, and the presumption is that he acted within his jurisdiction and administered the oath where he had a right to administer it. It is true that the affidavit at the beginning would purport to have been made in Marion county, Indiana, but the words at the beginning are no more controlling than those at the close where the officer designates

his jurisdiction. We cannot presume that he violated the law of this State, and this we must do if we hold that the affidavit on its face purports to have been made in this State. Section 2130, Burns' R. S. 1894. The presumption is controlling that the officer took the affidavit in the state of Ohio. But whether a notary public in Ohio has power to take affidavits is a matter of which the courts of this State cannot take judicial notice. The statute above set out provides how an affidavit taken in another state may be received and used in the courts of this State. It does not appear that any attempt was made to comply with that statute. There is nothing to show that the notary had any power to administer oaths. As this is not one of the common law powers of a notary, but is conferred only by legislative enactment, we cannot presume its existence. It was not error to sustain the motion to quash the writs of attachment and garnishment. Proffatt on Notaries, sections 24, 64; *Keefer* v. *Mason*, 36 Ill. 406; *Behn* v. *Young & Co.*, 21 Ga. 207.

As the affidavit in garnishment was insufficient, there was no error in overruling appellant's motion to substitute the executor of the person, since deceased, who had been served as garnishee defendant. All the proceedings in garnishment were dependent upon a sufficient affidavit. When the affidavits in attachment and garnishment were held insufficient no further proceedings could be had in that respect until sufficient affidavits were filed. The complaint, affidavit and bond in attachment were filed September 5th, 1893. The writ of attachment and garnishee summons were issued the same day. On the following day an affidavit of nonresidence of the defendant was filed, and an order of publication against the defendant was entered. On October 19, 1893, the gar-

nishee defendant entered his special appearance and moved to quash the writs of attachment and garnishment, and on the 2nd day of April, 1894, these motions were sustained, to which ruling appellant excepted, and on April 9, 1894, appellant filed its bills of exceptions to those rulings. On the 20th day of December, 1894, appellant filed proof of publication of notice to defendant, and on the same day filed its verified motion for a *nunc pro tunc* entry, alleging that on the 22nd day of March, 1894, additional affidavits in attachment and garnishment were filed with the clerk, who issued to the sheriff a writ of attachment and summons in garnishment, which were duly served on the same day and return made by the sheriff; that through the mistake or inadvertence of the clerk no minute of such filing was made by the clerk, and that said affidavits were on file and among the file papers in said cause, and asking "an order that an entry be made by the clerk of this court, *nunc pro tunc*, showing that said affidavit in attachment and said affidavit in garnishment were each filed with the said clerk by said plaintiff on the 22nd day of March, 1894, and that the clerk cause notice of the pendency of this motion to be given to said defendant." This motion was overruled, as stated in a bill of exceptions, "for the reason that said additional affidavits could only have been properly filed in open court and by leave of court." To this ruling appellant excepted, and filed a bill of exceptions. On October 21, 1895, appellant filed its verified motion to be allowed to substitute A. P. Stanton executor and garnishee defendant in place of John Herron, deceased, and on the 24th day of October, 1895, appellant filed its motion to review and set aside the ruling of the court sustaining the motions to quash the writs of attachment and garnishment. On the 23rd day of November, 1896, the two motions

last mentioned, to substitute and review, were overruled and bills of exceptions filed. The record then recites, "And the plaintiff now elects to stand by the pleadings heretofore filed herein, and, refusing to plead further, the court does now of its own motion, dismiss this action and adjudge that the plaintiff pay all costs herein taxed at —— dollars and —— cents."

As the affidavits in attachment and garnishment were insufficient, it necessarily follows that no subsequent proceedings based upon these affidavits could be had. There was no error in overruling the motion for a *nunc pro tunc* entry, as the additional affidavits were simply filed with the clerk and were filed while the court had under consideration the original affidavits, and which were afterwards held to be insufficient by the court. There is no error in the record for which the judgment should be reversed. Judgment affirmed.