(114 N. W. 377.)

---

SALZER LUMBER COMPANY, A CORPORATION, v. W. L. CLAFLIN AND JOHN E. STRONG.

Opinion filed Nov. 8th, 1907.

**Mechanic's Lien — Property Subject — Land Bought on Contract.**

    1. A materialman furnishing lumber to the occupant of land which is used for the erection of a building on such land, which is held by such occupant as vendee under a contract for the purchase of the same under the crop payment plan, is entitled to a lien on such building and the vendee's interest in the land, when he has complied with the statutory requirements as to the filing of a claim for such lien.

**Same — Owner of Land.**

    2. Under such circumstances, the vendee in the contract is deemed the owner of the land within the meaning of section 6248, Rev. Codes 1905.

**Vendor and Purchaser — Relation of Parties.**

    3. Under such circumstances, the vendee of the land is the equitable owner of the land, and the vendor holds the legal title to the land in trust for the purchaser and as security for the payment of the purchase price.

**Mechanic's Lien — Right to Lien.**

    4. The fact that the vendor terminated the contract after an action to foreclose the lien had been commenced under an arrangement with the vendee does not affect the lien, as the right to such lien must be determined as of the date of furnishing the materials.

**Same.**

    5. The mechanic's lien law is remedial, and should be liberally construed to effectuate its purposes.

**Evidence — Presumptions — Official Acts — Affidavits — Venue.**

    6. The prima facie presumption that an affidavit is sworn to in the county named in its caption or venue is overcome by the presumption that an officer's acts are performed at the county where he is legally authorized to act.

Appeal from District Court, Stutsman county; *Burke, J.*

Action by the Salzer Lumber Company against W. L. Claflin and John E. Strong. Judgment for plaintiff and defendants appeal.

Affirmed.

*J. A. Coffey,* for appellants.

There must be a substantial interest before a lien will attach. Reynolds v. Fleming, 45 N. W. 1099; Atwater v. Manchester Savings Bank, 48 N. W. 187; Hook v. Northwest Thresher Co., 98 N. W. 463.

Vendee's interest in the land is to the extent that he has paid on the purchase price. Bart v. Paff, 37 L. R. A. 852; Fish v. Fowlie, 58 Cal. 375; 28 Am. & Eng. Enc. Law, 107; Bissell v. Heyward, 96 U. S. 580; Jennison v. Leonard, 21 Wall. 302; Brooke v. Eastman, 96 N. W. 699; Irish v. Lundin et al,, 44 N. W. 80; Scott v. Reeve, 10 N. J. L. 12; Ivey v. Coston, 134 Ala. 259; Rawson v. Coffin, 55 Ga. 348; Twogood v. Stephens, 19 Iowa, 405; Prater v. Pritchard, 6 La. Ann. 729; Houston v. Jordan, 35 Me. 520; Jackson v. Scott, 18 Johns, 94; Forester v. Hanaway, 82 Pa. St. 218; Mooring v. McBride, 62 Tex. 309.

Vendee cannot subject land to a lien to the vendor's prejudice. Hickox v. Greenwood, 94 Ill. 266; Proctor v. Tows, 115 Ill. 138; Stevens v. Lincoln, 114 Mass. 476; Wagar v. Briscoe, 38 Mich. 587; Lauer v. Bandow, 43 Wis. 556; Pinkerton v. Le Beau, 54 N. W. 98.

Venue of an affidavit is prima facie evidence of the place of its verification. 2 Cyc. 22.

*Lee Combs,* for respondent.

A vendor failing to object to improvements consents to a lien. Kealy v. Murray, 15 N. Y. Supp. 403; Wheaton v. Berg, 52 N. W. 926.

Cancellation of contract does not affect lienor's interests. King v. Smith, 44 N. W. 65; Atkins v. Little, 17 Minn. 432; Goldheim v. Clark, 13 Atl. 363; Hooker v. McGlone, 42 Conn. 45; Malmgreen v. Phinney, 52 N. W. 915, 18 L. R. A. 75.

Lien attaches to the interest of lienee at time of filing. Miller v. Bergenthal, 7 N. W. 352; Moritz v. Splitt, 13 N. W. 555; Jones on Liens, section 1592.

Bare possession of land is an interest, subject to a lien. Talbot v. Chamberlain, 3 Page, 220; Phillip on Mechanics' Liens, section 187; McCullough v. Caldwell, 5 Ark. 237; Dean v. Phecheon, 3 Chand. 9; Jackson v. Garney, 16 John. 192; Jackson v. Parker, 9 Cowen, 73; Jackson v. Graham, 3 Kaynes, 189.

Party in possession may subject land to a lien. Pinkerton v. Le Beau, 54 N. W. 97; Leisman v. Lovely, 45 Wis. 420; Crary-Lombard Co. v. Partridge, 37 Pac. 572.

Forfeiture of lien debtor's title does not affect lien. Sawyer-Austin Lumber Co. v. Clark, 82 Mo. App. 225; McGeary v. Osborne, 9 Cal. 119; Jodd v. Duncan, 9 Mo. App. 417; Pickens v. Plattsmouth Land & Investment Co., 55 N. W. 947; Ah Louis v. Harwood, 74 Pac. 41.

Morgan, C. J. Action to foreclose a mechanic's lien. The plaintiff furnished lumber and other materials which were actually used in the construction of buildings and other improvements upon land. The defendant Claflin was in the actual possession of said land when the materials were purchased and the improvements made. He was in such possession under a contract for the purchase of the land on the crop payment plan. The defendant Strong

was the owner of the land. The land was conveyed to him by a former owner after such former owner had entered into the contract with the defendant Claflin for its sale under the crop payment plan. The complaint is in the usual form in actions for foreclosure of mechanics' liens. The answer admits the purchase of the materials and their use in improving the premises sold. Strong denies that the materials were purchased upon his order, consent or acquiescence. The answers also allege that the contract of sale of the land had been terminated, and that the defendant Claflin had no interest in the land after the contract had been legally terminated and canceled. The trial court gave plaintiff judgment for the full amount claimed, and ordered a sale of the land to the extent of Claflin's interest therein when the materials were furnished by the plaintiff. From the judgment so entered, the defendants have appealed and request a trial de novo under the provisions of section 7229, Rev. Codes 1905.

The first contention of appellants is that Claflin had no such interest in the land that a mechanic's lien could attach thereto, and, if such lien ever did attach, the termination and cancellation of the contract by the parties thereto completely cut off such lien before the judgment was entered. He was in possession of it when he purchased the materials, and was making improvements thereon. The contract under which he was in possession is not in the record. Hence its terms are not before us. But it is shown that he was to pay for the land by turning over each year one-half of the proceeds of the crops raised each year. Whether he raised any crop before the contract was canceled is not shown. It seems to be conceded that he paid nothing on the contract, and that interest on the purchase price had accumulated so that more was due on the contract when it was canceled than the original purchase price was. Under these facts, defendants claim that no lien could attach for the alleged reason that Claflin had no interest in the land. It is claimed that a vendee under such a contract must make payments on the contract, and that he must have a substantial interest in the land before the lien can attach. The lien law under which these materials were furnished does not differ from the law now in force so far as the questions raised in this case are concerned. Section 6237, Rev. Codes 1905, provides that "any person who shall perform any labor upon or furnish any materials * * * under a contract with the owner of such land * * *

shall have a lien upon such building * * * and upon the land belonging to such owner, on which the same is situated," etc. Section 6243 provides that "the entire land upon which any such building * * * is situated * * * shall be subject to all liens created by this chapter to the extent of all the right, title and interest owned therein by the owner thereof for whose immediate use or benefit such labor was done or things furnished," etc. Section 6248 provides that "every person for whose immediate use or benefit any building, erection or improvement is made * * * shall be included in the words 'owner thereof.'" Whether Claflin, the vendee in this contract, had such an interest in this land as to be deemed the owner thereof as defined in the mechanic's lien law remains to be determined. The lien law, designed to protect materialmen and laborers, should be liberally construed to effectuate that purpose. The definition given by the statute to the word "owner" is a very broad one, and excludes all idea that a lien is only given to the fee owner. In this state relation of the vendee in a contract for the purchase of real property by future payments has been passed upon. The vendee becomes the equitable owner of the land, and the vendor holds the legal title in trust for the purchaser, and as security for the payment of the purchase price. Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856. Payment of the purchase price entitles the purchaser to a deed, and, until such payment, his rights are measured under the rules applying to equitable owners. The statute (section 6243), in express terms, permits the lienholder to enforce his lien to the extent of all the right, title and interest of the owner. This precludes the idea that there must be absolute ownership in fee before the lien attaches. We think it clear that the vendee under a contract of sale of real estate is expressly entitled to incumber his interest in the land through purchase of materials entitling the person providing them to a lien. We deem it immaterial in this case that no payments had been made. The materials were furnished before the time for payment had arrived under the terms of the contract. The vendee was rightfully in possession, and, while in possession, improved the land. It is clear, however, that the vendor is entitled to the fruits of his contract as he made it, and that liens can be enforced only against the purchaser's interest in the land under the contract. The materialman is simply subrogated to the interest that the vendee had in the contract, and no

more. The vendor's rights are not at all to be affected. The vendor is entitled only to the purchase price. He is entitled to the performance of the contract; everything above that represents the vendee's interest. But to deprive laborers and materialmen of the right to resort to the purchaser's interest in the land, under such contracts, would be subversive of the intent of this statute, and contrary to its express terms. The authorities quite unanimously give the construction to similar statutes. Boisot on Mech. Liens, section 301; Henderson v. Connelly, 123 Ill. 98, 14 N. E. 1, 5 Am. St. Rep. 490; State ex rel. v. Insurance Co., 115 Ind. 257, 17 N. E. 574; Pinkerton v. Le Beau, 3 S. D. 440, 54 N. W. 97; Kerrick v. Ruggles, 78 Wis. 274, 47 N. W. 437; Charleston L. & M. Co. v. Brockmeyer et al., 18 W. Va. 586; Stockwell v. Carpenter, 27 Iowa, 119; Short v. Stephens, 92 Mo. App. 152; Monroe v. West, 12 Iowa, 119, 79 Am. Dec. 524; Phillips on Mech. Liens, section 169. There is nothing in Gull River Co. v. Briggs, 9 N. D. 485, 84 N. W. 349, inconsistent with the conclusion reached by us in this case. In that case the court held that a trespasser upon land could acquire no lien upon land or upon buildings erected by him thereon.

Stress is laid upon the asserted fact that the contract of sale was terminated by the vendor before the judgment in this case was entered. The record shows that the contract was canceled pursuant to an agreement between the vendor and vendee—the defendant in this action—after this foreclosure was commenced. It is shown that the vendor paid the vendee some sum for abandoning the contract and the premises. It would be a harsh and inequitable rule to permit the vendor and vendee to defeat a mechanic's lien, regularly and lawfully acquired, in such a manner. The vendor had actual and constructive notice that a mechanic's lien was claimed, and must be held to have acquired the vendee's interest in the land, subject to such lien. Pinkerton v. Le Beau, supra; Henderson v. Connelly, supra. The validity of the lien as to the vendee's interest must be determined as of the date of furnishing the materials, if the statutory requirements as to rendering the same available have afterwards been complied with. The contract of sale was not declared forfeited or terminated by an action in which the plaintiff was made a party, but by what seems to be a proceeding by the consent of the defendants among themselves only. There is no showing that the terms of the contract

as to cancellation were not complied with, nor what such terms were. The owner of the fee acquired nothing by this proceeding so far as the plaintiff is concerned.

The statutory affidavit required before a claim for a lien can become effective contained a caption of venue as follows: "State of North Dakota, County of Stutsman: ss." The jurat attached thereto was as follows: "Subscribed and sworn to before me this 12th day of January, 1905. C. M. Porter, Auditor Foster County." It is claimed that the affidavit was not properly authenticated or attested because of the discrepancy between the venue and the jurat. The contention is that the venue of an affidavit is prima facie evidence of the place where it was taken, and, if the auditor of Stutsman county administered the oath in Foster county, it was a nullity. If the county auditor of Stutsman county administered the oath in Foster county, it would be an illegal act. The presumption that an officer acts within his jurisdiction, and that his acts are lawfully performed, will prevail over the prima facie presumption that the venue of the affidavit is the place where the oath is administered. 2 Cyc. p. 30; Teutonia Loan & Bldg. Co. v. Turrell, 19 Ind. App. 469, 49 N. E. 852, 65 Am. St. Rep. 419; Goodnow v. Oakley, 68 Iowa, 25, 25 N. W. 912; Goodnow v. Litchfield, 67 Iowa, 691, 25 N. W. 882.

It is claimed that the claim for a lien was not verified. At the trial an unverified claim for a lien was offered in evidence, and on objection thereto the same was not received in evidence, but the court made an order permitting the plaintiff to supply a certified copy of the affidavit as filed before the case was decided, and such copy was then ordered received in evidence. We think this was proper under the circumstances, and was without prejudice to the defendants.

It follows that the judgment must be affirmed; and it is so ordered. All concur.