[Civ. No. 1371.   First Appellate District.—September 30, 1914.]

## WILLIAM WESTOVER et al., Appellants, v. H. V. BRIDGFORD et al., Respondents.

VENUE—MOTION TO CHANGE TO COUNTY WHERE DEFENDANTS RESIDE—
NOTICE OF MOTION—CURE OF DEFECTS.—Where the notice of a motion
to change the venue of an action to the county where the defend-
ants reside is defective in stating the grounds of the motion, the
defect is cured if the notice concludes with the statement that the
motion will also be based on the demand and affidavit of merits,
which documents show in full the moving ground.

ID.—WAIVER OF DEFECTIVE NOTICE—APPEARANCE OF PLAINTIFF.—But if
the defect were not cured, the plaintiff, by appearing and contesting
the motion without raising objection, will be deemed to have waived
the defect.

ID.—AFFIDAVIT OF MERITS—SUFFICIENCY.—An affidavit of merits on
motion for a change of venue, which avers the facts of the case
and leaves the question of whether or not the defendants have a
meritorious defense based thereon to the consideration of the court,
is sufficient.

ID.—VENUE AND JURAT OF AFFIDAVIT—VARIANCE—PRESUMPTION.—
Where an affidavit of merits has its venue laid in Siskiyou County
and is sworn to before a notary public in the city and county of San
Francisco, it will be presumed that the officer complied with the law
and administered the oath within his jurisdiction.

ID.—CAPTION AND JURAT OF AFFIDAVIT—VARIANCE—PRESUMPTION.—
Where there is a variance between the caption and jurat of an
affidavit, it will be presumed that the officer acted within his juris-
diction.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a change of venue.
J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Walter G. Holmes, and John J. Roche, for Appellants.

E. A. Bridgford, for Respondents.

KERRIGAN, J.—This is an appeal by plaintiff from an
order granting the motion of certain of the defendants for a
change of the place of trial.

The action is one in claim and delivery; and at the time it was commenced in the superior court in the city and county of San Francisco, several of the defendants resided in the county of Siskiyou, and others of them resided without the confines of the state of California. The defendants residing in the county of Siskiyou filed a demurrer to the complaint, accompanying it with an affidavit of merits, and the demand required by section 396 of the Code of Civil Procedure, and gave notice of their intention to move for a change of the place of trial to the county where they resided. The motion was granted. Plaintiff makes four points for a reversal of the order granting the motion. We will take these up in the order made.

The notice of motion was based upon the ground that none of the defendants at the time of the filing of the complaint or since were residents of the city and county of San Francisco. Section 395 of the Code of Civil Procedure provides that an action like the present one must be tried in the county in which the defendants or some of them reside at the commencement of the action . . . and if none of the defendants reside in the state . . . that the same may be tried in any county which the plaintiff may designate in his complaint. Plaintiff claims that in order to entitle the defendants to a change of venue, under the provisions of that section of the code, they should have stated in their notice the particular provision on which they relied as the ground of their motion (*Bohn* v. *Bohn*, 164 Cal. 532, [129 Pac. 981]); that the notice given being based on the ground that none of the defendants resided in the city and county of San Francisco is consistent with the fact that they all reside out of the state, in which event, under the terms of section 396, the action might be tried in any county the plaintiff should designate in its complaint. Conceding, for the sake of argument only, this point to be well taken, we think the defect is cured by the fact that the notice concludes with the statement that the motion will also be based on the demand and affidavit of merits, which documents show in full the ground upon which the motion will be made; namely, that the moving defendants reside in Siskiyou County. The notice is no more defective than if it had stated that the ''Motion would be based on the grounds specified in the demand and the affidavit which are served and filed herewith.'' In such case it seems clear that the notice would be sufficient. Certain

it is that the papers served and filed in the proceeding afforded the plaintiff ample notice of the ground of the motion. But even if this were not so, the plaintiff, having appeared and contested the motion without raising this objection, must be deemed to have waived the claimed defect in the notice. (*Bohn* v. *Bohn,* 164 Cal. 532–538, [129 Pac. 981].)

The original affidavit of merits was defective in that it averred that the defendants had fully and fairly stated the matters of defense to the cause of action alleged by plaintiffs to their attorney, and that said attorney had advised them that they had a good and legal defense on the merits to the cause of action set forth in the complaint. (*Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *Palmer & Ray v. Barclay,* 92 Cal. 199, [28 Pac. 226].) While the amended affidavit which was filed repeats the language of the original affidavit just referred to, nevertheless it is not, we think subject to the objection that it does not appear therefrom that they are advised by their counsel that they have a meritorious defense based upon his knowledge of all the facts of the case. In one part of the amended affidavit, it is averred that the attorney for the moving defendants took part as their legal advisor in all the transactions between the parties to this suit, concerning the subject matter thereof, and that his advice in this matter was based upon that knowledge. This, perhaps, is equivalent to saying that the defendants had stated the facts of the case to their counsel; but in addition to this, the affidavit also sets forth the facts of the case in detail, from which it is plain that, if the facts are true as averred, the defendants have a meritorious defense on the facts to plaintiffs' alleged cause of action. In other words, to repeat, defendants have averred the facts of the case, and left the question of whether or not they have a meritorious defense based thereon to the consideration of the court.

The venue of the amended affidavit of merits was laid in Siskiyou County, while it was sworn to before a notary public in the city and county of San Francisco. It is doubtless true that a notary is only authorized and empowered to administer oaths in the county for which he was appointed (*Fairbanks, Morse & Co.* v. *Getchell,* 13 Cal. App. 458, [110 Pac. 331]); but we will presume, there being no showing to the contrary, that the officer complied with the law and administered the oath within his jurisdiction. Where there is a variance be-

tween the caption and the *jurat* of an affidavit, it will be presumed that the officer acted within his jurisdiction (2 Cyc. 30; *Teutonia Loan & Building Co.* v. *Turrell,* 19 Ind. App. 469, [49 N. E. 852, 65 Am. St. Rep., 419] ; *Goodnow* v. *Litchfield,* 67 Iowa 691, [25 N. W. 882] ; *Goodnow* v. *Oakley,* 68 Iowa 25, [25 N. W. 912].)    Moreover, it appearing that there was no objection to the affidavit in the trial court, the defect therein must be deemed waived.    By sufficient averments, the affidavits show that the moving defendants reside in the county of Siskiyou, and that the other defendants reside in British Columbia, in other words, that none of the defendants reside in the city and county of San Francisco, and therefore, under the provisions of section 395 of the Code of Civil Procedure, the defendants are entitled to have the case tried in Siskiyou County.

The order appealed from is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1914.