**STATE OF NORTH DAKOTA v. HEGSTAD.**
**No. 12492.**

Circuit Court of Appeals, Eighth Circuit.
March 29, 1943.

C. E. Brace, Asst. Atty. Gen. for North Dakota (Alvin C. Strutz, Atty. Gen., and P. O. Sathre, Asst. Atty. Gen., on the brief), for appellant.

E. A. Tannas, of Crosby, N. D., for appellee.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

STONE, Circuit Judge.

Appellee filed proceedings as a farmer under Section 75 of the Bankruptcy Act as amended, 11 U.S.C.A. § 203. In his schedule of farm lands as to which he sought relief, was a tract of farm land held by him under contract for purchase from the State School Land Department of the State of North Dakota. After appellee had been adjudicated a bankrupt on an amended petition seeking relief under Section 75, sub. s, the State filed motion to strike this land from the schedule and that no jurisdiction be assumed thereover. The trial court affirmed an order by the conciliation commissioner denying the motion and the State appeals.

The essential facts are that appellee is a farmer who purchased this land under a sales contract whereby the State was to execute a quit claim deed upon completion of the payments called for by the contract. At the time this contract was made, appellee owned other lands (which he was farming) upon which were mortgages. This purchase contract was never in default. It is not claimed that there was any fraud in connection with the purchase nor that it was made with a view to these bankruptcy proceedings.

*The first contention* of appellant is that, since "the financial difficulties of the bankrupt accrued while farming such other lands" and "the lands here involved are in no manner connected with such difficulties," the Act gives no warrant to subject this land to control for three years "in entire disregard of his [bankrupt's] obligation under his contract."

This contention is answered by the provisions of the Act which requires *all* property of the bankrupt to be placed in administration (§ 75, sub. n, Title 11 U.S. C.A. § 203, sub. n), and expressly includes equities and rights under contracts for purchase (§ 75, sub. n, Title 11 U.S.C.A. § 203, sub. n). The interest of appellee under this kind of contract is held to be an equity in the land. Salzer Lumber Co. v. Claflin, 16 N.D. 601, 113 N.W. 1036. Also, this is unquestionably a contract for purchase. Therefore, jurisdiction over this land is given by the Act. Nor is it material that the exercise of such jurisdiction will affect, temporarily, the carrying out of the contract in accordance with its terms. The moratorium provided in the Act is intended to and necessarily contemplates such interferences with contracts affecting the title, possession, and enjoyment of the land—whether such contracts be mortgages, for purchase or otherwise. Nor is it material that no indebtedness of appellee arose out of this transaction or that this contract was not in default, because, as above stated, the Act requires all of the bankrupt's property (including such interests and rights as arose from this contract) to come into the estate for administration under the Act.

The cases cited by appellant are not pertinent to the situation here. It is not necessary to discuss each of them. However, it may be useful to state as to McLean v. Federal Land Bank, 130 F.2d 123, 127 (decided by this Court), that the situation there considered was the contention that one (claimed not to be a "farmer" within the Act) had newly acquired land "for the purpose of taking advantage of the Act." Such is not the situation here.

*The second contention* seems to be that since this is "a part of the trust funds created by the Enabling Act of February 22nd, 1889, 25 Stat. 676, under which the State of North Dakota was admitted to the Union; and can be sold and conveyed only as authorized by law," such provisions of law are part of the contract and "the only right of the purchaser of such lands, so long as he keeps his contract in good standing, is to perform such contract according to its terms, and that he has no right to a conveyance of such lands until he has fully performed his contract."

We are not directed to any provision in such Enabling Act which would

particularly affect this land and differentiate its sale and transfer from other land owned by the State. The Bankruptcy Act contains no exception as to State lands and there has been shown to us no reason otherwise why there should be such exception. As to all contracts affecting land, the Bankruptcy Act contemplates and provides for certain moratoriums, appraisals and dispositions. Such provisions usually, if not necessarily, affect such contracts. Wright v. Union Central Life Ins. Co., 304 U.S. 502, 517, 58 S.Ct. 1025, 82 L.Ed. 1490. The validity of such provisions has been sustained. Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490, and Wright v. Vinton Branch, etc., 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455.

Appellee has filed a motion to dismiss this appeal. Since we think appellee is entitled to prevail upon the merits and since counsel for appellant has pressed the usefulness of a decision on the merits as a guide to the handling of this character of State lands, we deny the motion without examination of its merits.

The order from which this appeal is taken must be and is affirmed.