Edward Prigge, appellant, v. Larry C. Johns, Director of Motor Vehicles of the State of Nebraska, et al., appellees.

165 N. W. 2d 559

Filed February 28, 1969. No. 37082.

William B. Brandt and Healey & Healey, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

Carter, J.

This is a suit in which plaintiff asked the court to find that his operator's license permitting him to operate an automobile on the streets and highways of the state is valid and in force; that his privilege to so operate an automobile be reinstated; and that the order of the director of motor vehicles of the state terminating such privilege be held invalid. Subsequently a restraining order was issued against the director of motor vehicles to enjoin the enforcement of the order. After a hear-

ing, the trial court found against the plaintiff and entered judgment accordingly. The plaintiff has appealed.

On December 3, 1967, Patrolman Baumhover of the Nebraska Safety Patrol arrested the plaintiff 1½ miles west of Unadilla, Nebraska, for driving an automobile on the public highway while under the influence of intoxicating liquor. Plaintiff was taken to Nebraska City by Baumhover where they were joined by Patrolman LeGrande. Baumhover and LeGrande testified that plaintiff was under the influence of intoxicating liquor. Both of the two patrolmen testified that they demanded of the plaintiff that he take a urine or blood test in accordance with the Nebraska implied consent law. Plaintiff refused. The evidence sustains the foregoing facts.

Pursuant to section 39-727.08, R. R. S. 1943, Patrolman Baumhover made a sworn report to the director of motor vehicles stating that he had reason to believe that plaintiff was operating a motor vehicle on the public highways while under the influence of alcoholic liquor and stating the facts upon which such belief was based. The director of motor vehicles set the matter for hearing, gave notice to the plaintiff, and held a hearing. The director thereupon entered an order revoking the operator's license of plaintiff for 1 year from January 24, 1968. Plaintiff appealed to the district court from this order, and to this court from the adverse judgment of the district court.

Plaintiff contends that the sworn report of Patrolman Baumhover is fatally defective in that the venue of the report is shown as Otoe County rather than Lancaster County where it was actually sworn to. The jurat shows that the report was sworn to the 5th day of December 1967, before Myrna Cottom, notary public. It is conceded that Myrna Cottom is a resident of Lincoln and that the report was sworn to before her in Lincoln, Lancaster County, Nebraska. The sworn report shown in the record is a photostat of the original and does not show the impression of a notarial seal for that reason.

It is clear that the venue was inadvertently shown as Otoe instead of Lancaster County probably due to the fact that the arrest occurred in Otoe County. Where the venue of an affidavit is laid in one county, and the acknowledgment taken by a notary public in a different county, it will be presumed that the acknowledgment was taken by the notary in his own county. Goodnow v. Litchfield, 67 Iowa 691, 25 N. W. 882; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036. No prejudice is shown because of this inadvertent mistake, and reversible error does not follow.

It is next contended that the order entered by the director of motor vehicles is void and of no force and effect for the reason that it contains no findings of fact as required by section 84-915, R. R. S. 1943, which provides: "Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact. Parties to the proceeding shall be notified of the decision and order in person or by mail. A copy of the decision and order and accompanying findings and conclusions shall be delivered or mailed upon request to each party or his attorney of record." The order of the director of motor vehicles provided: "Under authority of sections 39-727.03, through 39-727.12, RRS, Nebraska, 1943, the operator's license and the operating privileges of the above-named person are hereby revoked for a period of one year from the 24th day of January, 1968, for the reason that the above-mentioned person failed to show cause why such license should not be revoked as a result of the failure of such person to submit to a test as is provided in the above-mentioned sections."

The department of motor vehicles is an administrative agency and the orders of its director in revoking an

operator's license for driving on the public highways while under the influence of intoxicating liquor is within the purview of section 84-915, R. R. S. 1943. For the implied consent of a person to be effective, as provided in section 39-727.03, R. R. S. 1943, the person must have been arrested or taken into custody before the test may be demanded. Otte v. State, 172 Neb. 110, 108 N. W. 2d 737. By statute, the person so arrested or taken into custody may choose whether the test so required shall be a chemical test of his blood or urine. By statute, after granting the person an opportunity to be heard on such issue, if it is not shown to the director of motor vehicles that a refusal to submit to the tests was reasonable, the director shall summarily revoke the motor vehicle operator's license of such person for a period of 1 year from the date of the order. Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. 2d 75, 88 A. L. R. 2d 1055.

In the instant case, the director failed to find that plaintiff was under arrest or in custody; that the arresting officer requested that one of the tests be taken; that plaintiff refused to take the test; and that the refusal of the plaintiff to take the test was not reasonable under the circumstances. The order of the director is not in compliance with the provisions of the statute requiring that, "The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact." The statement in the order of revocation of the license, "* * * for the reason that the above-mentioned person failed to show cause why such license should not be revoked as a result of the failure of such person to submit to a test * * *," does not meet the requirements of section 84-915, R. R. S. 1943. The findings of fact must be such as will show the validity of the order made.

In some cases a finding in the words of the statute is sufficient, a matter dependent upon the specifications contained in the statute. Young v. Morgan Drive Away,

Inc.; 171 Neb. 784, 107 N. W. 2d 752; Basin Truck Co. v. All Class I Rail Carriers, 172 Neb. 28, 108 N. W. 2d 388. But the language of the statute here does not lay down the controlling elements so as to permit a holding that the language of the statute constitutes sufficient findings of fact. See, Skeedee Independent Tel. Co. v. Farm Bureau, 166 Neb. 49, 87 N. W. 2d 715; Oakdale Tel. Co. v. Wilgocki, 171 Neb. 425, 106 N. W. 2d 486; In re Application of Hergott, 145 Neb. 100, 15 N. W. 2d 418. An order of the director unsupported by adequate findings of fact is not void. In Ferguson Trucking Co., Inc. v. Rogers Truck Line, 164 Neb. 85, 81 N. W. 2d 915, we said: "An order of the Nebraska State Railway Commission, making ultimate findings of fact in the language of the statutes, is not void because of the failure of the commission to make basic findings of fact in the order upon which the ultimate facts rest."

We necessarily conclude that the order of the director in the present case is irregular for failure to make findings of fact and conclusions of law as required by section 84-915, R. R. S. 1943, and must therefore be set aside on appeal. The judgment of the district court is reversed and the cause remanded with directions to the district court to remand the case to the director of motor vehicles to make findings of fact and conclusions of law supporting the order which he may issue.

REVERSED AND REMANDED WITH DIRECTIONS.