EDWARD PRIGGE, APPELLANT, v. LARRY C. JOHNS, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, DEPARTMENT OF MOTOR VEHICLES, ET AL., APPELLEES.

186 N. W. 2d 497

Filed April 30, 1971. No. 37693.

William B. Brandt and Healey, Healey, Brown & Burchard, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court dismissed an appeal by Edward Prigge from the Director of Motor Vehicles. The director had revoked the operator's license of Prigge under the implied consent law. See, §§ 39-727.08 to 39-727.11 and 60-420, R. R. S. 1943. The court concluded that the findings of fact and the conclusions of law by the director sustained the order of revocation. Prigge appeals. He asserts that the findings by the director do not support the order.

The director made findings like those we reviewed in Doran v. Johns, 186 Neb. 321, 182 N. W. 2d 900 (1971). There we affirmed dismissal of the operator's petition on appeal to district court. We decided that findings of fact by the director are sufficient to support a revocation order if they concisely state conclusions favorable to the order upon each contested issue of fact. The findings against Prigge are sufficient.

Other assignments of error are reviewed against the following background. In Prigge v. Johns, 184 Neb. 103, 165 N. W. 2d 559 (1969), we reviewed a revocation order based upon the same evidence that is now before us. We said: "The judgment of the district court is

reversed and the cause remanded with directions to the district court to remand the case to the director of motor vehicles to make findings of fact and conclusions of law supporting the order which he may issue." The district court complied. Although our mandate precluded a new evidentiary hearing, the director conducted one. The evidence, however, was the same as that received at the former hearing. We look through form to substance to determine that there has been one proceeding, not two.

Some of the other assignments of error were considered when the cause was before us in 1969. The rest of them come too late in light of our narrow mandate in 1969.

The judgment is affirmed.

AFFIRMED.